188 So.2d 741 (1966)
Donald ALLEN, Plaintiff-Appellant,
v.
UNITED STATES FIDELITY AND GUARANTY COMPANY et al., Defendants-Appellees.
No. 10608.
Court of Appeal of Louisiana, Second Circuit.
June 30, 1966.
Rehearing Denied August 4, 1966.
*742 George Fink, Monroe, for appellant.
Theus, Grisham, Davis, Leigh & Brown, Monroe, for appellee, United States Fidelity & Guaranty Co.
Carl F. Walker, Monroe, for appellee State Farm Mut. Auto. Ins. Co.
Before HARDY, GLADNEY and AYRES, JJ.
GLADNEY, Judge.
This action for personal injuries arises from a collision of three automobiles, October 8, 1964, on Louisville Avenue, a four lane east-west thoroughfare in Monroe, Louisiana. The vehicles included a Volkswagen, driven by Donald Allen, with the permission of its owner, Levy Redden; a Chevrolet automobile owned and operated by Vincent A. Genusa, and a Buick automobile owned and operated by Charles F. Collins. Collins was not covered by public liability insurance. Suit was filed by Donald Allen against United States Fidelity and Guaranty Company, insurer of Levy Redden, predicated upon the uninsured motorist coverage provision of the policy. *743 The petition was amended to join State Farm Mutual Automobile Insurance Company, liability insurer of Genusa, as a party defendant. Judgment was rendered in favor of Allen against United States Fidelity and Guaranty Company in the sum of $1,477.38, and in favor of State Farm Mutual Automobile Insurance Company, rejecting the demands of plaintiff. The latter has appealed and defendant United States Fidelity and Guaranty Company has answered the appeal for the purpose of fixing liability upon State Farm Mutual Insurance Company.
Immediately prior to the accident the Chevrolet automobile driven by Genusa stopped in the inside eastbound lane waiting for the traffic light to change in order to make a left turn. In this position it was struck on the right rear end by the car driven by Collins, the impact propelling it across the center-line of the street into the path of Allen's westbound vehicle. Genusa observed the approach of Collins and turned his wheels slightly to the left but did not move the vehicle before it was hit. Genusa is charged with negligence in so turning his wheels instead of maintaining them in a position to continue forward.
In the trial court plaintiff contended Collins and Genusa were guilty of concurrent negligence and should be held responsible. A further issue presented related to the interpretation of the policy provisions embodying uninsured motorist coverage. The same issues are presented on this appeal. The record fully substantiates the finding of the trial judge that the sole proximate cause of the accident was due to the negligent driving of Collins, the uninsured motorist, while under the influence of intoxicating beverages, his failure to pay attention to the road ahead, and driving in a reckless manner.
The second issue presented herein requires interpretation of the uninsured motorist coverage provision contained in the policy issued to Levy Redden by defendant United States Fidelity and Guaranty Company.
The pertinent provisions of that coverage provide:
"Limits of Liability.
(a) * * *
(b) any amount payable under the terms of this endorsement because of bodily injury sustained in an accident by a person who is an insured under this coverage shall be reduced by:
(1) * * *
(2) The amount paid and the present value of all amounts payable on account of such bodily injury under any workmen's compensation law, disability benefits law or any similar law."
It is stipulated Allen has received payments under the provisions of the Louisiana Workmen's Compensation Statute in the sum of $3,522.62 and it is admitted that should the Court find he is entitled to recover in this action because of the extent of his injuries his damages will exceed $5,000.00. The court awarded plaintiff $1,477.38, as the amount due under the policy after deducting workman's compensation payments received by plaintiff.
Appellant Allen most seriously urges that the defendant United States Fidelity and Guaranty Company is not entitled to credit against its liability workmen's compensation benefits received by him, and that accordingly the judgment against said insurer herein should be amended to provide for payment without such credit or deduction. His argument stresses the fact that if he repays the compensation benefits paid to him under the Workmen's Compensation Act he is in effect in a position whereby he would not be paid anything for workman's compensation, and that such a deduction is repugnant to our statutes, particularly LSA-R.S. 32:872 requiring the policy containing the uninsured motorist protection shall be subject to a limit "exclusive *744 of interest and costs, of not less than five thousand dollars because of bodily injury to or death of one person in any one accident * * *."
In his consideration of the question the trial judge commented:
"The Insurance Code of the State of Louisiana provides that every policy of automobile liability insurance shall contain uninsured motorist vehicle coverage in not less than the limits described in the Motor Vehicle Safety Responsibility Law of Louisiana, but gives the named insured the right to reject the coverage (LSA-R.S. 22:1406(D)). Nowhere in this Act is found any provision which prohibits inclusion of a clause limiting liability of the company as was done in the policy in question.
"In the case of Kennedy v. Audubon Insurance Company, [La.App.] 82 So.2d 91, Judge Tate said:
`In the absence of statutory provisions to the contrary, insurance companies have the same right as individuals to limit their liability, and to impose whatever conditions they please upon their obligations not inconsistent with public policy; and the courts have no right to add anything to their contracts, or to take anything from them. Muse v. Metropolitan Life Insurance Company, 193 La. 605, 192 So. 72, at page 75, 125 A.L.R. 1075.' (See also Diez v. Accident Indemnity Insurance Company, [La.App.,] 162 So. 2d 206.)
"It should be noted, moreover, that the uninsured motorist's coverage is not the only coverage afforded by the policy, but one of several, its purpose being to give its insured some measure of compensation where he is injured at the hands of an uninsured motorist. If he is not compensated under Workman's Compensation Law, Disability Benefits Law, or any similar law, he is entitled to the damages sustained by him, not to exceed $5,000. If he is so compensated, he is then entitled to receive the difference between the amount of his damages, not exceeding $5,000, and the amount of his compensation or other benefits.
"In the absence of legislative determination that such liability limitation is not consistent with the public policy of this State, the Court is unable to hold invalid the policy limitations embodied in the present insurance contract."
By legislative enactments in 1962 our statutes with respect to liability coverage for the uninsured motorist have been further clarified. As pertinent hereto LSA-R.S. 22:1406(D), as amended, provides:
"(1) No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in not less than the limits described in the Motor Vehicle Safety Responsibility Law of Louisiana, under provisions filed with and approved by the Commissioner of Insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom; provided, however, that the coverage required under this section shall not be applicable where any insured named in the policy shall reject the coverage.
* * * * * *
"(4) In the event of payment to any person under the coverage required by this section and subject to the terms and conditions of such coverage, the insurer making such payment shall, to the extent thereof, be entitled to the proceeds of any settlement or judgment resulting from the exercise of any rights of recovery of such person against any person or organization legally responsible for the *745 bodily injury for which such payment is made, including the proceeds recoverable from the assets of the insolvent insurer. * * *"
The foregoing provisions of Section 1406 (D) were in effect at the time the subject policy was written on February 22, 1964, and we have not been referred to any statutory provisions conflicting with the policy provisions in question. Nor have we been able to find any jurisprudence in this state apropos to the question presented. The issue appears to be one of first impression in our Courts.
Counsel for respondents has cited two cases arising in other jurisdictions where similar policy provisions were litigated in Illinois and California, both cases involving policies issued by Allstate Insurance Company. Niekamp v. Allstate Insurance Company, 52 Ill.App.2d 364, 202 N.E.2d 126 (1964) arose in Illinois where the court held that the insured who had received money under the workman's compensation act of that state had been "paid" workman's compensation benefits within uninsured motorists provisions for reduction of amount payable to insured by amount paid to insured under workman's compensation law. Therein, although insured was by law required to repay workman's compensation benefits to the employer out of the settlement to be made with another motorist, the required payment could not be used to defeat credit which accrued to the insurer for the compensation payments. The clause in Allstate's policy was worded very much like the clause involved in the instant case. It stated:
"Any loss payable to any person under the terms of this Section II shall be reduced by the amount paid and the present value of all amounts payable to him under any Workmen's Compensation law."
In its opinion the court found the language of the policy to be clear and unambiguous as construed in the plain, ordinary and popular sense and, held that under the uninsured motorist provision the plaintiff was provided with coverage for bodily injury sustained by him if legally entitled to receive damages from the owner or operator of an uninsured automobile; and that where plaintiff is entitled to Workmen's Compensation Law benefits he may receive the difference between the amount of damages, not exceeding the policy limits, and the amount of compensation benefits paid him. The court also reasoned it had no right to make a new contract for the parties and that although by law the plaintiff could be required to repay the benefits out of any settlement made, he cannot be permitted to use this required repayment in order to defeat a credit which has accrued to the defendant-insurer. In another cited case, which arose in California, Jarrett v. Allstate Insurance Company, 209 Cal.App.2d 804, 26 Cal.Rptr. 231 (1962), the plaintiff brought a declaratory judgment action to determine whether or not, under the terms of an automobile liability policy containing an "uninsured automobile section" workman's compensation benefits payable to the insured should be deducted from the amount of said insurance within the policy limits or from the total amount of damages sustained by the insured. The insurer took the position plaintiff must deduct the compensation benefits from the policy limit, and therefore, if he had received $10,000 in workman's compensation benefits, he would not be entitled to anything. The court decided the insuring provision was valid and the deduction must be made from the limit set in the policy.
We conclude the clause of the insurance policy issued by the defendant United States Fidelity and Guaranty Company was properly construed by the trial court and must be given effect as written. Accordingly, in the instant case the workman's compensation benefits paid to Allen properly constitute a deduction or credit against the policy limit due by the liability insurer. This view finds support in the authorities cited above from courts in Illinois and California where a clause similar to the one involved here was interpreted.
*746 The last issue presented herein concerns the reassertion of plaintiff's right to statutory penalties and attorney's fees. As a serious question of legal liability has been placed at issue, and such issue appears to be res nova in this state, the refusal of defendant to pay plaintiff's claim will not be held to be arbitrary, capricious or without probable cause. Therefore, we hold plaintiff is not entitled to penalties or attorney's fees.
The judgment of the lower court is affirmed with costs of this appeal to be paid by appellant.
Judgment affirmed.