Scileppi, J.
On September 19, 1964 the decedent, Edward Daniel Judge, while operating a motor vehicle in the course of his employment, collided with an uninsured vehicle owned and operated by John H. Bulmer, Jr.
The injuries suffered by Mr. Judge necessitated his confinement to a hospital from the date of the accident to February 12,1965. Following a second hospital confinement of eight days, Mr. Judge died on April 25, 1965, allegedly as a result of the accident.
It is undisputed that the decedent, during his lifetime, received more than $10,000 in workmen’s compensation benefits from the Traveler’s Insurance Company.
On May 26,1965, the petitioner filed with MVAIC a notice of intention to file a claim. On the 5th of November, 1965, MVAIC was served with a demand for arbitration on behalf of the decedent’s administratrix. MVAIC moved for a permanent stay of arbitration contending that, since the arbitrator could make no award, there was no issue to arbitrate.
MVAIC pointed out that the standard New York Automobile Accident Indemnification Endorsement contains the following provision under condition 5:
“ (a) The limit of liability of MVAIC for all damages, including damages for care or loss of services, because of bodily injury sustained by one person as the result of any one accident is $10,000 * * *
“(b) Any amount payable under the terms of this endorsement, including amounts payable for care or loss of services, because of bodily injury sustained by one person, shall be reduced by * * * (3) the amount paid and the present value of all amounts payable on account of such bodily injury under any workmen’s compensation law, exclusive of non-occupational disability benefits.”
It argued that, since this court held in Matter of Durant (MVAIC) (15 N Y 2d 408) that workmen’s compensation bene *284 fits paid to the insured were to he deducted from the award payable to the insured under the standard MVAIC endorsement and since the insured had received more than $10,000 in workmen’s compensation benefits, the arbitrator was powerless to make an award.
Petitioner attempted to avoid the deduction of workmen’s compensation benefits by seeking in her demand for arbitration “ Damages' for the wrongful death and pecuniary loss to decedent’s next of kin and disbursements by reason of his death in the sum of Ten Thousand Dollars ($10,000) due to an accident occurring on September 19, 1964, on 5th Avenue in the City of Troy, New York, at or near the intersection of Ferry Street, under the New York Automobile Indemnification endorsement of the insurance policy of the said Edward Daniel Judge, deceased.”
MVAIC took the position that the petitioner could not circumvent Durant (supra) by filing a claim for wrongful death and that the payment of workmen’s compensation benefits to the decedent during his lifetime precluded his next of kin from receiving an award under the MVAIC endorsement for wrongful death. The petitioner, of course, argued that her cause of action for wrongful death is a separate and distinct cause of action brought for the benefit of next of kin, and, therefore, the workmen’s compensation benefits paid to the decedent during his lifetime are not deductible from any award to which they would be entitled.
Special Term denied MVAIC’s application holding, inter alia, that there was no threshold question for the court to decide since the resolution of the issue presented by the conflicting contentions of the parties was within the province of the arbitrator.
The Appellate Division affirmed.
The lower courts’ determination that there was no threshold question for the courts to decide was erroneous. This court has repeatedly held that the jurisdiction of the arbitrator under a standard MVAIC endorsement is limited to the fact issues of fault and damages (Matter of De Luca [MVAIC], 17 N Y 2d 76; Matter of MVAIC [Malone], 16 N Y 2d 1027; Matter of Rosenbaum [American Sur. Co. of N. Y.], 11 N Y 2d 310; Matter of MVAIC [Downey], 11 N Y 2d 995). The threshold issue presented by this case, viz.—whether the payment of workmen’s *285 compensation benefits to the decedent in excess of $10,000 precludes his next of kin from receiving an award for wrongful death—is one of law. Since the arbitrator’s jurisdiction is limited to the resolution of the fact question of fault and damages, the courts below should have decided the issue.
It would serve little purpose, however, to remand this case to Special Term to decide a question of law which must ultimately be decided by this court. Since the issue has been fully briefed in this court by both parties and in the interest of avoiding future appellate litigation (Matter of Grace v. Grace Inst., 19 N Y 2d 307, 315), we reach the issue presented and hold that workmen’s benefits paid to the decedent during his lifetime should be set off against an award payable to the next of kin for wrongful death.
Our holding is compelled by the language of the MVAIC endorsement. Section 1 of that endorsement provides: “ Damages for Bodily Injury Caused by Uninsured Automobiles: MVAIC will pay all sums which the insured or his legal representatives shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called [1] bodily injury ’, sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile ” (emphasis added).
Paragraph (b) of Condition 5 of the MVAIC endorsement specifically provides that any amount payable under the endorsement “ because of bodily injury ” shall be reduced by the amount payable “ on account of such bodily injury under any workmen’s compensation law”. Therefore, since the definition of bodily injury includes death, workmen’s compensation benefits paid to the decedent during his lifetime must be deducted from any award made under the endorsement—whether the award be for personal injury or for death resulting therefrom. No other construction of the endorsement is possible.
Since we have resolved the legal issue in favor of the appellant and have held that the maximum award, including an award for wrongful death, payable under the MVAIC endorsement is $10,000, the stay of arbitration should be granted. Our holding today, coupled with our decision in Durant (supra), renders the *286 arbitrator powerless to make an award. To proceed to arbitration under such circumstances would be an exercise in futility.
Accordingly, the order appealed from should be reversed and a permanent stay of arbitration should be granted.
Chief Judge Fuld (concurring). I, too, am for reversal, and for the reasons stated in the court’s opinion.
Concededly, an injured person (or his estate if he dies) may not recover more than $10,000 from MVAIC. But to hold, as we are doing under constraint of our decision in Matter of Durant (MVAIC) (15 N Y 2d 408), that he may recover nothing from MVAIC, even though he actually suffered damages of $50,000, if his workmen’s compensation benefits amounted to $10,000, seems to me to thwart the very purpose and design of the uninsured motorist legislation which is to place the injured person in as good a position as he would have been in had he been injured by an insured motorist carrying the minimum amount of $10,000. Since, however, the result we are now reaching is compelled by the language contained in the standard uninsured motorist endorsement (Conditions, No. 5, par. [b]) — which had the approval of the Superintendent of Insurance — the Legislature might well consider the advisability of amendatory legislation to eliminate the apparent inequity resulting to the injured person.
At the present time, however, I see no alternative but to reverse.

. The term bodily injury is defined earlier in the endorsement to include death actions.