Continental Casualty Company, a Corporation, Subrogee of the Wallfill Company, a Corporation, Intervening Petitioner, Plaintiff-Appellant, v. Sophia Sweda, Conservator of the Estate of Bruno Sweda, Incompetent, and Sophia Sweda, Individually, Defendants-Appellees.

Gen. No. 68–183.

Second District.

September 16, 1969.

Snyder, Clarke, Dalziel, Holmquist & Johnson, of Waukegan, for appellant.

Michael Alan Nemeroff, of Chicago, and Lidschin and Pucin, of Waukegan, for appellees.

PRESIDING JUSTICE MORAN delivered the opinion of the court.

This case involves an interpretation of section 5(b) of the Workmen's Compensation Act (Ill Rev Stats 1965, c 48, § 138.5(b)) and appears to be first impression in our State.

On November 23, 1965, Bruno Sweda suffered a severe head injury during the course of his employment. The injury was caused, not by his employer but, by a third party. His wife was subsequently appointed Conservator of his estate and brought an action against the third party to recover for her husband's injuries and for her loss of consortium. The plaintiff, who was the workmen's compensation carrier covering Sweda's employer, paid out the sum of $35,429.28 for disability and medical payments from the date of the injury to the beginning of

this litigation. The plaintiff continues to pay medical expenses and, based upon standard mortality tables, expects to pay an additional sum on account of the injury. It may be further obligated to pay death and pension benefits.

By October, 1967, the conservator determined that the third party had insurance in the amount of $50,000 and settled her cause of action for $48,000. Originally, the conservator petitioned the Probate Division for leave to compromise and settle the ward's claim for $23,000 having taken the balance of $25,000 on account of her loss of consortium. The plaintiff objected to this division of the money and, finally, the trial court distributed $18,000 on account of the loss of consortium, $15,000 to the conservator on account of the estate, $11,070.45 to the plaintiff in full payment of its subrogation claim, $3,750 to the conservator's attorneys and $179.55 to reimburse costs.

Plaintiff contends that the entire sum of $30,000, less only statutory fees and costs, should be paid to it as reimbursement since its expenditures to date exceed that amount. The conservator, on the other hand, argues that the trial court had jurisdiction to make an equitable distribution of the settlement proceeds since the compromise was less than full compensation for the actual injury, including pain and suffering of the ward.

There is no conflict in the facts. The ward suffered substantial permanent injuries. It was stipulated by counsel for the plaintiff that in his opinion the value of the ward's claim was between $175,000 and $250,000, based upon the element of damages. It was further stipulated that the plaintiff, as of April 1, 1968, had paid $27,621.28 toward medical bills along with $7,808 in disability payments, for a total of $35,429.28. It seems to be agreed that the $48,000 received in the compromise settlement was not full compensation for the ward's injuries. Similarly, there is no doubt that the plaintiff

■■■■■■

has already paid more than the amount allocated to the estate by the settlement and it will pay, as a probability according to the stipulation of the parties, an additional sum of $110,192 in the future.

Our decision necessarily depends upon the interpretation of section 5(b) of the Workmen's Compensation Act, supra.[1]

■■■■■

[1] Ill Rev Stats 1965, c 48, § 138.5(b).

"(b) Where the injury or death for which compensation is payable under this Act was caused under circumstances creating a legal liability for damages on the part of some person other than his employer to pay damages, then legal proceedings may be taken against such other person to recover damages notwithstanding such employer's payment of or liability to pay compensation under this Act. In such case, however, if the action against such other person is brought by the injured employee or his personal representative and judgment is obtained and paid, or settlement is made with such other person, either with or without suit, then from the amount received by such employee or personal representative there shall be paid to the employer the amount of compensation paid or to be paid by him to such employee or personal representative including amounts paid or to be paid pursuant to the provisions of paragraph (a) of Section 8 of this Act.

"Out of any reimbursement received by the employer pursuant to this Section, the employer shall pay his pro rata share of all costs and reasonably necessary expenses in connection with such third-party claim, action or suit and where the services of an attorney at law of the employee or dependents have resulted in or substantially contributed to the procurement by suit, settlement or otherwise of the proceeds out of which the employer is reimbursed, then, in the absence of other agreement, the employer shall pay such attorney 25% of the gross amount of such reimbursement.

"If the injured employee or his personal representative shall agree to receive compensation from the employer or accept from the employer any payment on account of such compensation, or to institute proceedings to recover the same, the said employer may have or claim a lien upon any award, judgment or fund out of which such employee might be compensated from such third party.

"In such actions brought by the employee or his personal representative, he shall forthwith notify his employer by personal service or registered mail, of such fact and of the name of the court in which such suit is brought, filing proof thereof in such action.

In construing any statute it is proper and, indeed, most helpful to consider the problem intended to be solved. Before the workmen's compensation laws were enacted in this country, many workmen were injured at their task and left to suffer for the balance of their lives because the injury had been caused, at least in part, by their own act. The purpose of the Workmen's Compensation Act was to substitute a statutory cause of action in place of the common-law remedy of trespass on the case, negligence, and provide compensation to an injured employee regardless of any contributory negligence. This increased the employer's cost of doing business but was a small price to pay for the benefits and protections established by the statute. However, in those cases where an injury had been caused by a third party and where recovery could be had from that third party, it is clear that

The employer may, at any time thereafter join in said action upon his motion so that all orders of court after hearing and judgment shall be made for his protection. No release or settlement of claim for damages by reason of such injury or death, and no satisfaction of judgment in such proceedings shall be valid without the written consent of both employer and employee or his personal representative, except in the case of the employers, such consent shall not be required where said employer has been fully indemnified or protected by Court order.

"In the event the said employee or his personal representative shall fail to institute a proceeding against such third person at any time prior to 3 months before said action would be barred at law said employer may in his own name, or in the name of the employee, or his personal representative, commence a proceeding against such other person for the recovery of damages on account of such injury or death to the employee, and out of any amount recovered the employer shall pay over to the injured employee or his personal representatives all sums collected from such other person by judgment or otherwise in excess of the amount of such compensation paid or to be paid under this Act, including amounts paid or to be paid pursuant to the provisions of paragraph (a) of Section 8 of this Act, and costs, attorney's fees and reasonable expenses as may be incurred by such employer in making such collection or in enforcing such liability."

427

the law contemplated that the employer should be reimbursed out of this recovery, since the employer had not caused the injury. To hold otherwise would be to permit the employee to receive a double recovery, one from the third party and a second from his own employer, Reno v. Maryland Cas. Co., 27 Ill2d 245, 248, 188 NE2d 657 (1962).

No problem is created when the recovery in the third-party suit exceeds the compensation. The problem arises when the recovery is less than the compensation paid and, as in this case, when the recovery is less than full payment for the injury.

An examination of section 5(b) indicates to us that the plaintiff is entitled to the amount he seeks in this appeal. The section says, among other things, ". . . from the amount received by such employee or personal representative there shall be paid to the employer the amount of compensation paid or to be paid by him to such employee or personal representative . . ." and ". . . the said employer may have or claim a lien upon any award, judgment or fund out of which such employee might be compensated from such third party . . ." and "No release or settlement of claim for damages by reason of such injury or death, and no satisfaction of judgment in such proceedings shall be valid without the written consent of both employer and employee or his personal representative, except in the case of the employers, such consent shall not be required where said employer has been fully indemnified or protected by Court order." The statute does not speak of anything less than full indemnification and we have not been directed to any authority granting jurisdiction to the trial court to make an equitable, or other, distribution.

In its original enactment, the section in question here was known as section 29 of the Workmen's Compensation Act. In discussing that section, the Supreme Court, in

the case of O'Brien v. Chicago City Ry. Co., 305 Ill 244, 137 NE 214 (1922) said, at pages 252–253:

> "The employee being entitled, in such case, to recover the full amount of his damages from the person causing the injury by his negligence, a complete equitable adjustment of the rights of the employer and employee, as between themselves, would require that out of the amounts so received the employer, who was guiltless of any wrong, should receive indemnification for the compensation which he had advanced. The purpose of section 29 is to require this indemnification of the employer who has not been negligent, out of the recovery against the third person whose negligence caused the injury."

In the case of Gones v. Fisher, 286 Ill 606, 612, 122 NE 95 (1919), the Supreme Court, in referring to the same section, stated:

> "Said Section does not limit the damages which may be recovered in the action at law to the amount of compensation allowed to the employee, but does provide for the indemnification of the employer out of the amount recovered. After the employer is thus *completely indemnified* the employee is entitled to the entire balance of the judgment recovered, *if there is a recovery for more than is sufficient for such indemnification.*" (Emphasis added.)

The purpose of the section in question is to provide protection to the non-negligent employer since he had nothing to do with the accident, Arnold Lies Co. v. Legler, 26 Ill App2d 365, 374, 167 NE2d 813 (1960).

■ Therefore, we conclude that the plaintiff carrier is entitled to reimbursement so far as the fund will allow.

The conservator argues that this result would be inequitable because the ward did not receive sufficient monies

out of the third-party action to pay for his injury even if he had been entitled to all of the money and that, therefore, the reimbursement should be reduced. This may well be right as a matter of equity, but we believe the statute is clear and that such argument is more properly addressed to the Legislature. It could have been argued that the compensation awarded was insufficient even though the injury was not caused by a third party, still this would be a decision for the Legislature and not the courts.

Since there appears to be no direct authority in Illinois on the question, the conservator argues that we should follow the law of California and that the law of that state would permit an equitable distribution of an award where it is less than full compensation. Obviously, we would not be bound by the law of California, even if we were to accept the conservator's interpretation; however, our reading of the California authorities does not lead us to a like conclusion. The Supreme Court of California did, indeed, hold in the case of Jacobsen v. State Industrial Acc. Commission, 212 Cal 440, 299 P 66, 68–69 (1931), that the subrogation rights of an employer did not extend to damages recovered by an employee for pain and suffering. However, the very next year the California Legislature amended their Workmen's Compensation Act to allow an employer "a first lien against the entire amount of any judgment for any damages recovered by the employee." (Labor Code, § 3856.) The present state of the California law is set forth in Heaton v. Kerlan, 166 P2d 857, 861 (1946), wherein the Supreme Court said:

"The employer's lien attaches to the 'entire amount' of a judgment 'for any damages' . . . after this court held that the lien of the employer under the former statute did not attach to that part of a judgment representing damages for the employee's pain and suffering, and suggested that the difficulties of segregating the elements of the employee's recov-

430

ery 'might well call for further legislative action on the subject,' Jacobsen v. Industrial Acc. Comm., supra, 212 Cal 440, 449; 299 P 66, 69. Under the statute as amended, it is clear that the employer's lien attaches to the entire judgment and that it is no longer necessary to segregate the part thereof that represents damages for pain and suffering."

So it appears that even under the law of California the compensation carrier is entitled to full reimbursement and that any earlier California cases have either been changed by legislative amendment or considered dicta and overruled by the Supreme Court of that state.

We have been favored by excellent briefs and argument from both sides in this case. The conservator presents a cause containing considerable equity. On the other hand the Legislature is ultimately the one who must determine the law in this field and they have clearly done so.

The case is, therefore, reversed and remanded to the trial court with instructions to distribute the $30,000, after first deducting the statutory attorney fees and costs, to the plaintiff herein.

Reversed and remanded with instructions.

ABRAHAMSON and SEIDENFELD, JJ., concur.