SCHRAMM, Plaintiff and Respondent, v. DOTZ, Defendant: BADGER MUTUAL INSURANCE COMPANY, Defendant and Appellant.

*April 1—April 28, 1964.*

680

For the appellant there was a brief by *Hoffman, Cannon, McLaughlin & Herbon,* attorneys, and *Peter W. Bunde* of counsel, all of Milwaukee, and oral argument by *Mr. Bunde.*

For the respondent there was a brief by *Donald F. Konle,* attorney, and *Ray T. McCann* and *Richard J. Murphy* of counsel, all of Milwaukee, and oral argument by *Mr. McCann.*

FAIRCHILD, J. 1. *Arbitration.* Defendant contends that the action cannot be maintained because the insured failed to resort to arbitration before bringing action. In a well-reasoned and helpful opinion, the learned circuit judge decided that ch. 298, Stats., has created exclusive remedies for the enforcement of agreements to arbitrate, which were un-enforceable at common law; and that defendant, by its conduct in intentionally and consistently seeking a dismissal of this action rather than a statutory stay for the purpose of arbitration, had waived its right to insist on arbitration as a condition precedent to recovery.

Ch. 298, Stats., is the Wisconsin Arbitration Act. Sec. 298.02 provides:

"If any suit or proceeding be brought upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration."

By providing for a stay pending arbitration, the statute implicitly denies the validity of a provision that no action may be brought until arbitration has been had and the dismissal which defendant consistently sought at every stage of the action. Defendant had a clear right to a stay for the purpose of arbitration if it applied for it and was not itself in default in proceeding with arbitration. Defendant at no time moved the court for a statutory stay. It consistently and repeatedly sought dismissal for failure to arbitrate. It maintained this position for an extended period and has in no way indicated a desire to proceed promptly with arbitration. Under these circumstances, the circuit court correctly held that the insurer waived its right to arbitration.

2. *The finding of permanent disability.* The parties and medical witnesses agree that the plaintiff suffers from rheumatoid arthritis and that medical science to this date has been unable to determine the cause of this disease. Plaintiff contends, however, not that the accident caused the disease, but that the accident precipitated or activated a pre-existing but dormant rheumatoid arthritis.

Dr. Slotnik examined the plaintiff twelve days after the accident. He testified that in his opinion the plaintiff had a predisposition or propensity to rheumatoid arthritis prior to the accident. He believed the accident "was a sufficient cause in this patient to act as a precipitating factor in the development of the subsequent rheumatoid arthritis." On cross-examination he stated that the accident was a precipitating cause of plaintiff's condition.

Dr. Bernhard, a specialist in rheumatology, testified that he was of the opinion to a reasonable degree of medical probability that the plaintiff had a predisposition or propensity for rheumatoid arthritis and that the accident was a sufficient precipitating cause to activate his condition. In the absence of the jury he testified that the accident activated the condition. On cross-examination he stated that various factors put forth

by appellant's counsel would not cause him to alter his opinion as to whether or not the accident was the precipating factor of the rheumatoid arthritis.

Dr. Treacy, also specially trained in rheumatology, called by the defendant, testified that a bruised person may become upset over the trauma. In this sense trauma may be a precipitating factor of rheumatoid arthritis. He testified that in his opinion the accident in which plaintiff was involved was not alone a sufficient producing cause of the plaintiff's rheumatoid arthritis.

We think the medical testimony with conflicts therein resolved in favor of the verdict will sustain a finding that the accident in question precipitated the disabling phase of plaintiff's rheumatoid arthritis. If that be true, the amount of damages awarded is not excessive.

*By the Court.*—Judgment affirmed.

HALLOWS, J., took no part.