HILDA McGEE, as Administratrix of the Estate of WILLIAM McGEE, Deceased, Respondent-Appellant, *v.* JOHN P. HORVAT et al., Respondents; MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Proposed Intervenor-Appellant.

Second Department, June 1, 1965.

*Leonard Hemley, Robert E. Sheller* and *Arthur J. Cooperman* for proposed intervenor-appellant.

*Nathan L. Levine* for respondent-appellant.

*McLaughlin & Quinn* (*James A. Quinn* of counsel), for John P. Horvat, respondent.

*McCarthy & McGrath* (*Edward S. Marshall* of counsel), for Fred W. Jungbluth, respondent.

BRENNAN, J. Three questions are presented for determination: (1) whether MVAIC is entitled to the proceeds of any recovery by the plaintiff in this pending death action, to the extent of the payment heretofore made by MVAIC to the plaintiff on account of the same injuries and death; (2) if so, whether MVAIC may intervene in the action to enforce that right; and (3) whether a defendant in the action may plead the payment by MVAIC in mitigation of damages.

The essential facts are undisputed. The action was instituted to recover damages for decedent's conscious pain and suffering and for his wrongful death. The complaint alleged that the car driven by plaintiff's intestate was struck by the automobile owned and operated by defendant Horvat, causing decedent to be precipitated to the roadway, and that thereafter decedent was struck by the automobile owned and operated by defendant Jungbluth. While the action was pending, the plaintiff, who was decedent's wife and the owner of the car which decedent was driving, sought arbitration with MVAIC under the accident indemnification endorsement of her liability insurance policy, claiming that, after the decedent had been caused to fall to the roadway, he was struck and run over by an unidentified motor vehicle before he was run over by defendant Jungbluth. An award of $10,085 was made to plaintiff in the arbitration proceeding and that award was confirmed by the court and was paid by MVAIC.

MVAIC then moved for leave to intervene in the pending action and submitted a proposed answer, which alleged that should the plaintiff recover a judgment against the defendants, who were insured, MVAIC would be entitled to the proceeds thereof to the extent of its payment to the plaintiff. The motion was opposed by plaintiff and by both defendants. In addition, the defendant Horvat cross-moved for leave to serve an amended answer, to add as a partial defense in mitigation of damages the receipt by plaintiff of the said sum of $10,085 paid by MVAIC. The motion by MVAIC was denied and the cross motion was granted. The Special Term, however, in so holding, refrained from passing upon the merits of MVAIC's claim or the sufficiency of Horvat's amended answer, apparently following the rule that the sufficiency of a proposed pleading ordinarily

will not be determined on a motion for leave to serve such pleading (*Whitestone Realty Corp.* v. *Malba Props.*, 4 A D 2d 688).

We have concluded that, under the circumstances of this case, the merits of MVAIC's claim and of the defendant Horvat's proposed defense should be determined. Those questions have been argued fully, the matters are of importance under the MVAIC Law, and no useful purpose would be served by requiring the parties to raise the same questions anew in subsequent proceedings (cf. *Dumbadze* v. *Agency of Canadian Car & Foundry Co.*, 38 N. Y. S. 2d 991, 995, affd. *sub nom. Gurge* v. *Agency of Canadian Car & Foundry Co.*, 267 App. Div. 782; *Blessington* v. *McCrory Stores Corp.*, 198 Misc. 291, 294, affd. 279 App. Div. 807, affd. 305 N. Y. 140).

Turning to the first question presented, we are of the opinion that MVAIC is entitled to the proceeds of any recovery by plaintiff in the action, to the extent of the payment made by it, under the provisions of the accident indemnification endorsement of the liability policy. Subdivision (b) of paragraph 5 of the "Conditions" of the endorsement, respecting MVAIC's limits of liability, provides insofar as is here relevant: "Any amount payable under the terms of this endorsement * * * because of bodily injury sustained by one person, shall be reduced by (1) all sums paid to one or more insureds on account of such bodily injury by or on behalf of (a) the owner or operator of the uninsured automobile and (b) any other person or persons jointly or severally liable together with such owner or operator for such bodily injury". As used in the endorsement, "bodily injury" includes death resulting from the accident. And paragraph 7 of the "Conditions" provides in part that: "In the event of payment to any person under this endorsement: (a) MVAIC shall be entitled to the extent of such payment to the proceeds of any settlement or judgment that may result from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury because of which such payment is made".

Those provisions are clear and enforcible, and pursuant thereto MVAIC is entitled to the proceeds of any recovery by plaintiff in the pending action to the extent of the payment made by it to plaintiff (cf. *Matter of Durant* v. *MVAIC*, 15 N Y 2d 408). To permit plaintiff to retain the payment made to her by MVAIC, in addition to any recovery from the insured defendants, not only would violate the express language of the contract between the parties (cf. *Matter of MVAIC* v. *McDonnell*, 23 A D 2d 773) but would be inconsistent with the legislative intent

in enacting the MVAIC Law (Insurance Law, art. 17-A). That statute was designed to afford a person injured in an accident caused by an uninsured or unidentified automobile "the same protection as he would have had if he had been injured in an accident caused by an identifiable automobile covered by a standard automobile liability insurance policy in effect at the time of, and applicable to, the accident. * * * The MVAIC Law was not designed to supplement the insurance coverage of insured automobiles or to protect injured persons against risks which were not covered by the standard automobile liability policies" (*McCarthy* v. *MVAIC*, 16 A D 2d 35, 38, affd. 12 N Y 2d 922). Plaintiff has the protection afforded by the insurance covering the defendants and there is no necessity, therefore, for recourse to the MVAIC. If there is a recovery in the pending action, the payment received from MVAIC would constitute an additional benefit not contemplated by the MVAIC Law and to which plaintiff would not be entitled under the clear and unambiguous provisions of the endorsement.

We do not agree with the contention that the order confirming the award in arbitration constitutes the law of the case that MVAIC has no claim against plaintiff's recovery in the action. On that motion MVAIC requested, pursuant to paragraph 7 of the "Conditions" of the endorsement, that the confirmation be conditioned upon the assignment to it by plaintiff of the cause of action arising from the accident. While that request was not granted, and while MVAIC did not appeal from the order which confirmed the award unconditionally, it is our opinion that the order does not bar a subsequent assertion by MVAIC of its right to the proceeds of any recovery by plaintiff in the action, to the extent of its payment. That question, insofar as is shown by the record, was not presented or passed upon on the motion to confirm the arbitrator's award; and the order constitutes, at most, a holding that MVAIC's right under paragraph 7 could not be enforced on the motion to confirm the award.

Similarly, MVAIC's right to reimbursement from plaintiff's recovery against the defendants in the action is not affected by the fact that MVAIC obtained from plaintiff an assignment of her rights against the "hit-and-run" driver only and not against all other persons who might be liable. The right asserted by MVAIC is not dependent upon any assignment by plaintiff but is based upon the clear and unambiguous language of the "Conditions" set forth in the endorsement and particularly upon subdivision (a) of paragraph 7 thereof.

It is also immaterial that the recovery in the death action will not be an asset of decedent's estate but will be a special fund for the benefit of his statutory distributees. Under said paragraph 7 of the endorsement MVAIC is entitled to the proceeds of "any" settlement or judgment obtained for the "bodily injury" for which its payment was made; "bodily injury" is defined by the endorsement as including death resulting from the accident; and under those provisions MVAIC is clearly entitled to assert its claim against the proceeds of the death action. The enforcement of that right will not diminish the amount of the damages which may be found to have resulted from decedent's death, as plaintiff's net recovery, with the payment heretofore received from MVAIC, will equal the amount of the judgment.

However, with reference to the second question presented, we are of the opinion that MVAIC may not intervene in the pending action to enforce its claim against the proceeds of the judgment. Under CPLR 1013, intervention may be permitted "when the person's claim or defense and the main action have a common question of law or fact." The questions in the action relate to negligence, contributory negligence and damages; and none of those questions are presented by MVAIC's claim to reimbursement. We find no common questions of law or fact sufficient to warrant intervention (cf. *Hocking-Hershey Assoc.* v. *Iandoli,* 19 Misc 2d 210). Intervention might facilitate the enforcement of MVAIC's claim against plaintiff, but that circumstance alone affords no justification for introducing into the death action issues which have no relation to those involved in the action.

Finally, we are of the opinion that the defendant Horvat's defense in mitigation of damages, based upon MVAIC's payment to plaintiff, is insufficient as a matter of law. That payment was made pursuant to MVAIC's contractual liability as stated in the endorsement. It is a benefit for which an additional premium was paid by the plaintiff and which does not enure to the benefit of the tort-feasor (cf. *Healy* v. *Rennert,* 9 N Y 2d 202, 206; *Lehr* v. *City of New York,* 16 A D 2d 702).

The order appealed from should be modified by striking out its second and third decretal paragraphs permitting defendant Horvat to serve an amended answer. As so modified, the order, insofar as appealed from by the respective parties, should be affirmed, without costs.

BELDOCK, P. J., UGHETTA, CHRIST and HILL, JJ., concur.

Order modified by striking out its second and third decretal paragraphs permitting the defendant Horvat to serve an amended answer. As so modified, order, insofar as appealed from by the respective parties, affirmed, without costs.