SAXAUER, Respondent, v. LUEBKE, Appellant.

*November 3—November 29, 1966.*

The cause was submitted for the appellant on the briefs of *Lueck & Skupniewitz* of Beaver Dam, and for the respondent on the brief of *Bruce R. Rasmussen* of Beaver Dam, attorney, and *Williams, Williams & Meyer* and *Thomas S. Williams,* all of Oshkosh, of counsel.

CURRIE, C. J. Defendant-lessor, on this appeal, is of the position that: (1) The arbitration clause in the lease constitutes a valid agreement to arbitrate any differences between the parties with respect to the lease; and (2) the complaint is demurrable because it fails to allege compliance by plaintiff with the arbitration provision.

Plaintiff concedes that the arbitration clause is a valid binding agreement upon the parties but contends that failure of the amended complaint to allege compliance therewith does not bar the instant action but only affords grounds for an application for a stay of proceedings until arbitration can be had.

This appeal is controlled by sec. 298.02, Stats., and *Schramm v. Dotz.*[1] Sec. 298.02 provides:

"If any suit or proceeding be brought upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been

[1] (1964), 23 Wis. (2d) 678, 127 N. W. (2d) 779.

had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration."

In *Schramm v. Dotz* this court affirmed the determination of the trial court that sec. 298.02, Stats., has created the exclusive remedy for the enforcement of agreements to arbitrate. In that opinion we stated:

"By providing for a stay pending arbitration, the statute implicitly denies the validity of a provision that no action may be brought until arbitration has been had and the dismissal which defendant consistently sought at every stage of the action. Defendant had a clear right to a stay for the purpose of arbitration if it applied for it and was not itself in default in proceeding with arbitration." [2]

The lease in the instant case did not contain an express provision requiring plaintiff to arbitrate *before instituting suit*. Under our holding in *Schramm* such an express provision would be invalid and would not be enforced. Therefore we deem it unnecessary to pass on whether such a provision arises by implication. [3]

It is clear that defendant is not entitled to a dismissal of the action because of plaintiff's failure to invoke arbitration. Defendant's sole remedy is a motion for a stay pursuant to sec. 298.02, Stats. Therefore, the trial court properly overruled the demurrer.

The trial court in its memorandum decision which passed upon defendant's demurrer stated that defendant waived his right to insist upon arbitration by reason of laches and that he was estopped to rely on the arbitration provision. Plaintiff's complaint is devoid of any facts tending to establish laches on the part of defendant.

---

[2] Id. at page 682.

[3] With respect to such a provision arising by implication, see 5 Am. Jur. (2d), Arbitration and Award, p. 535, sec. 20; and 6 C. J. S., Arbitration and Award, p. 169, sec. 29b.

The trial court's finding must therefore have been grounded on defendant's act of demurring to the amended complaint rather than moving for a statutory stay pursuant to sec. 298.02, Stats.

While this court in *Schramm* found a waiver by defendant insurance company of its right to rely on the arbitration clause, the facts of that case are very different from those of the instant case. This is apparent from the following statement in the opinion:

"Defendant at no time moved the court for a statutory stay. It consistently and repeatedly sought dismissal for failure to arbitrate. It maintained this position for an extended period and has in no way indicated a desire to proceed promptly with arbitration. Under these circumstances, the circuit court correctly held that the insurer waived its right to arbitration." [4]

We hold that the interposing of the demurrer in the instant case did not constitute a waiver, nor did it constitute a ground for finding a waiver by the defendant of the arbitration provision. If laches is to be established as a ground for denying defendant the right to insist on arbitration, it will have to be grounded on additional proof adduced by plaintiff.

*By the Court.*—Order affirmed.

---

[4] *Schramm v. Dotz, supra,* footnote 1, at page 682.