MORATECK, by Guardian *ad litem*, and another, Appellants, v. MILWAUKEE AUTOMOBILE MUTUAL INSURANCE COMPANY, Respondent.

*January 31—February 28, 1967.*

96

98

For the appellants there was a brief by *Silverstein, Warshafsky & Rotter,* attorneys, and *David L. Walther* of counsel, all of Milwaukee, and oral argument by *Mr. Walther.*

For the respondent there was a brief and oral argument by *D. J. Regan* of Milwaukee.

HEFFERNAN, J. The respondent Milwaukee Auto argues that it is entitled to full subrogation by virtue of the provisions in the insurance policy. We conclude, however, that the terms of that policy are irrelevant to this appeal. The 1963 case, which was appealed to this court and which would have resulted in this court's construction of the provisions of Milwaukee Auto's uninsured motorists policy, was abandoned by the parties and the policy provisions are not before us. We are limited in this appeal to construing the order of October 10, 1963, following the arbitration hearing, which provided that Milwaukee Auto:

". . . succeeds to all of the rights, title and interest in their claim up to $10,000, that the plaintiffs, George J. Morateck and James Morateck, have against Superior

Mutual Automobile Insurance Company, Richard William Wilson, and Charles L. Wojciechowski."

By that order, the plaintiffs, in exchange for a judgment of $10,000 against Milwaukee Auto, lost any rights to damages they might have had up to that amount against either of the tort-feasors causing the injuries to James Morateck. The plaintiffs, as the result of the arbitration order, were required to assign to Milwaukee Auto the claim against Superior, Wilson, and Wojciechowski up to $10,000, and in exchange Milwaukee Auto abandoned its position that the uninsured automobile coverage was not applicable and paid Morateck to the full extent of its policy. Thereafter Superior paid the sum of $4,800 to Milwaukee Auto. Milwaukee Auto's collection of this sum from Superior was not an additional amount collected on behalf of the plaintiffs, but was collected solely as partial recoupment and reimbursement of the $10,000 it had already paid to the plaintiffs. The plaintiffs' settlement was $10,000 and not $14,800. It is conceded by plaintiffs' attorney that the plaintiffs are foreclosed, by virtue of the judgment following arbitration, from receiving any portion of this $4,800, and it is difficult to see why their attorney is not also barred from any claim that arises by virtue of the subrogation payment to Milwaukee Auto. The attorney received out of the $10,000 paid by Milwaukee Auto, the fee that his retainer contract provided. It seems clear that that is all he was entitled to out of that $10,000 or out of any sums that might be received by Milwaukee Auto from Superior, Wilson, or Wojciechowski in recoupment or reimbursement of the $10,000 paid pursuant to the judgment. The plain meaning of the assignment contained in the order of the circuit judge makes it obvious that the Moratecks could receive no further sum as damages (and Silverstein could receive no more fees) unless Milwaukee Auto was first reimbursed to the extent of the $10,000 to which it was

entitled as subrogation. Any amount that it collected up to $10,000 belonged to it alone. It is equally true that if there were a recovery in excess of that amount, the Moratecks would be entitled to that excess and Silverstein would be entitled to one third thereof. The attorney was to receive only one third of whatever sum was collected by his clients; and while he also was given a lien on the cause of action, that lien was enforceable only in the amount collected—in this case $10,000—that is all that was paid on the plaintiffs' claim. No doubt, the attorney continues to have a lien on that portion of the cause of action in excess of $10,000 that was not assigned. That lien, however, appears to be valueless inasmuch as it has thus far proved to be uncollectible. Moreover, the record does not show the terms under which the liquidator of Superior paid the claim, and we do not know whether consideration for that payment was the complete release of Wilson, Superior's insured.

Proceedings which resulted in the assignment of October 10th were initiated by Silverstein, and the settlement with Superior had his express approval. Prior to the arbitration various courses were open to the Moratecks and their attorney. They might have elected to sue Robert Wilson and his insurer and, in addition, Wojciechowski, alleging that Milwaukee Auto was obliged to act as his insurer up to the extent of $10,000 and that Superior was responsible to the extent of its policy for any negligent injuries caused by Wilson. This path, however, was beset with severe obstacles. Superior was insolvent and Milwaukee Auto was stoutly asserting the defense that its "uninsured" clause was not applicable. The course selected, to pursue only the claim against the solvent Milwaukee Auto, appears to have been wise and reasonable at that time. There was no assurance that Superior would ever pay anything on behalf of Wilson. The decision to secure a sure $10,000 in exchange for an uncertain and possibly uncollectible

judgment of $28,000, had much to recommend it. Only by hindsight can this decision be questioned. Both the Moratecks and their attorney benefited by the agreement reached and, though it now appears that it might not have resulted in the optimum settlement, it was a choice deliberately made, and under the circumstances no additional attorney's fees are collectible.

*By the Court.*—Judgment affirmed.

HANLEY, J., took no part.