Argued March 3, affirmed April 16, 1969

## AMERICAN MOTORISTS INSURANCE COMPANY, *Appellant, v.* THOMPSON, *Respondent.*

453 P2d 164

*Richard C. Bemis,* Portland, argued the cause for appellant. With him on the brief were Seitz, Whipple, Bemis & Breathouwer, Portland.

*Carrell F. Bradley,* Hillsboro, argued the cause for respondent. With him on the brief were W. C. Schwenn, Robert W. Redding, and Schwenn, Bradley & Batchelor, Hillsboro.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

## HOLMAN, J.

Plaintiff appeals from a judgment dismissing his complaint after a demurrer to it had been sustained on the ground that it did not state a cause of action.

Plaintiff, an insurance company, issued a policy of liability insurance to defendant's employer which included uninsured motorist protection for defendant. The defendant was injured when involved in a collision with two other vehicles. The operator of one of the vehicles was insured and the other was not. Plaintiff paid to defendant the sum of $5,050, the maximum benefits, under the uninsured motorist provision of its policy. The policy provided that in the event of payment under the uninsured motorist provision, plaintiff was entitled, to the extent of its payment, to the proceeds of any settlement that resulted from the exercise of any right of recovery by defendant against *"any person or organization"* responsible for defendant's injuries. After receiving the payment from plaintiff, defendant settled with the insured motorist for the sum of $30,000. Plaintiff then brought the present action, pursuant to the policy provision, to recover the sum it had paid defendant.

Despite certain contentions of defendant, which it is unnecessary to discuss, it is clear that under the provisions of the policy plaintiff would be entitled to maintain the present action to recover the sums paid to defendant. The question in the case is whether the provisions of the policy are contrary to the statutory provisions authorizing and defining uninsured motorist coverage and therefore unenforceable.

At the time of the accident there was in effect ORS 736.317 relating to uninsured motorist coverage which contained the following language: ,

"(2) The policy * * * shall provide coverage therein or supplemental thereto, under provisions approved by the State Insurance Commissioner, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles, trailers or semitrailers because of bodily injury, sickness or disease, including death resulting therefrom. * * *"

This statutory language was construed in *Peterson v. State Farm Ins. Co.*, 238 Or 106, 393 P2d 651 (1964). *Peterson* involved an action by an insured against his insurer to recover under uninsured motorist coverage. The insured had received Workmen's Compensation benefits because of the injuries received in the accident. These benefits were in excess of the amount of the coverage under the uninsured motorist provision. The policy provided that any sums payable under it were to be reduced by any Workmen's Compensation benefits paid to the insured. We held that it was the intent of the language of the statute to require that uninsured motorist policies extend the same coverage that would have been available had the uninsured motorist had the minimum liability coverage provided

by law. Therefore, we held the policy provision did not comply with the statute and was void and we allowed recovery. We used the following language:

"* * * In other words, the legislative purpose in creating compulsory uninsured motorist coverage was to place the injured policyholder in the same position he would have been in if the tortfeasor had had liability insurance." 238 Or at 112, 393 P2d 653.

▓▓ The pleadings in this case present no issue concerning double recovery. We must presume that defendant's injuries were worth $35,000 or more. In the absence of such an issue, we believe *Peterson* to be determinative of the present case. It would be difficult to put any other construction than that of *Peterson* on the language: "The policy * * * shall provide coverage * * * for the protection of persons * * * who are legally entitled to recover damages from * * * operators of uninsured motor vehicles, * * *." No other construction would give policy coverage to persons entitled to recover from uninsured motorists. Giving effect to the policy provisions would provide defendant with no coverage if he is entitled to recover at least $5,000 for his injuries from someone else. There is no such limitation in the coverage provided by the statute. The fact that other sources of recovery are available to the injured party is irrelevant in the absence of a double recovery. The language of the statute does not lend itself to the construction that it was the legislature's intention to assure an injured person a recovery of $5,000 only, regardless of its source. The statute's intention was to place the injured party in the same position as if the uninsured motorist had been insured. We, therefore, hold the policy provision void and unen-

forceable because it is contrary to the intent of the statute.

█ The fact that the policy form in question may have been approved by the Insurance Commissioner gives it no validity when in conflict with the statute. See *Peterson,* supra, at page 115, 393 P2d 651.

Since the accident in question and the decision in *Peterson* the legislature has repealed ORS 736.317 and enacted ORS 743.792,[1] which provides that, if the insured receives payment under his uninsured motorist provision, the insurer is subrogated to the insured's right to recover from *any person* to the extent of the payment.

Plaintiff cites a number of cases in support of its position. We will discuss them in turn. *Remsen v. Midway Liquors, Inc.,* 30 Ill App2d 132, 174 NE2d 7 (1961); *Kisling v. MFA Mutual Insurance Co.,* 399 SW2d 245 (Mo. 1966); *LaBove v. American Employer's Mutual Insurance Co.,* 189 So2d 315 (La. 1966), are all inapplicable because they involved no statute specifying the extent of the uninsured motorist coverage. Therefore, there was no conflict between the statutory language and the provisions of the policy. *Mills v. Farmers Ins. Exchange,* 231 CA2d 124, 41 Cal Rptr 650 (1964) is not applicable because it involved a statute which provided that upon payment to the insured, the insurance company was subrogated to the rights of the insured against the person causing the injury. The word "person" was construed to include the plural and therefore included subrogation rights against both the insured as well as the uninsured motorist. *McGee v. Horvat,* 23 App Div 2d 271, 260 NYS2d 345 (1965), appears, on its face, to uphold plaintiff's contention.

---

[1] Oregon Laws 1967, ch 482, p 1165.

However, when the N Y Ins Law § 619(a) (McKinney's Consol Laws, c. 1966) is consulted, which is not mentioned in the case, it will be seen that the insurer had a statutory right to an offset of any sums secured from any other person against whom the injured party had a cause of action.

The judgment of the trial court is affirmed.

O'CONNELL, J., dissenting.

I am now of the opinion that the reasoning in *Peterson v. State Farm Ins. Co.*, 238 Or 106, 393 P2d 651 (1964), relied upon in the majority opinion, was erroneous. The reasoning in *Peterson* and in the majority opinion in the present case is that ORS 736.317 was intended to place the injured party in the same position as he would have been had the uninsured motorist been insured. There is nothing in the statute which warrants this broad generalization. The statute merely states a purpose to provide a $5,000 coverage for the protection of persons who are legally entitled to recover damages from an uninsured motorist. Thus it is clear that the statute was intended to place the injured person in the same position as if the tortfeasor was insured *for the purpose of assuring the injured person of a recovery up to $5,000.* There is nothing in the statute to indicate a legislative intent to assure the injured person of *all the advantages that would accrue to him if the tortfeasor were insured.* The statute simply describes a type of policy designed to cover the insured when a tortfeasor is uninsured. The statute is silent as to the insurer's right of subrogation. The majority opinion interprets the statute as if it read "and the insurer shall not be entitled to subrogation as to any sums paid by or on behalf of any person jointly or severally

liable with the uninsured tortfeasor." This addition to the statute is not compelled by any language contained in the statute. Nor is it compelled by any social policy. In fact, after we misconstrued the statute in *Peterson* the legislature by amendment *expressly* provided for subrogation as to "All sums paid on account of such bodily injury by or on behalf of the owner or operator of the uninsured vehicle and by or on behalf of any other person or organization jointly or severally liable together with such owner or operator for such bodily injury including all sums paid under the bodily injury liability coverage of the policy." ORS 743.792 (7)(c)(A). The amendment merely states the usual rule of subrogation in insurance cases. We should have applied that rule in the *Peterson* case. Since we erred in the *Peterson* case we should overrule it and permit the plaintiff in the present case to assert its right of subrogation.