PER CURIAM.
Defendant-appellant International Sales-Rentals Leasing Company (“International”) appeals from an adverse final judgment entered pursuant to a jury verdict in an automobile negligence action. It advances as points for reversal the admissibility of testimony as to speed of one car and the applicability of the “sudden emergency” doctrine.
Appellees-plaintiffs, the Nearhoofs, filed suit against Duffy (the driver), Seaboard Properties, Inc. (Duffy’s employer), and appellant-international (the vehicle owner). A serious, multiple automobile crash occurred on May 14, 1968, just north of Jewfish Creek Bridge on a two-lane road in Monroe County. There was a 45 mile per hour speed limit.
Williard Nearhoof, the driver of the Nearhoof vehicle, was traveling north when he saw the car ahead of him make a U-turn (from north to south). His children and wife were passengers, and he was towing a utility trailer. Duffy was traveling from north to south and approaching the road ahead of the bridge. The U-turning vehicle crossed in front of Duffy while it proceeded to the western shoulder of the south-bound lane and did not re-enter the road. The vehicle made the turn without signalling.
When Nearhoof saw Duffy approaching he applied his brakes and swerved toward the eastern shoulder of the road. Duffy jammed on his brakes and swerved into the Nearhoof car.
The trial court denied appellants’ motion to strike the testimony of an expert witness who was both a metallurgist and mechanical engineer. His testimony was that Duffy was traveling at 50-55 miles per hour (on a road with a 45 miles per hour speed limit). Appellant has challenged the assumptions and procedures employed. There were conflicts in the testimony, but the expert employed assumptions which were favorable to appellant. Moreover, the expert’s testimony was cumulative, for there was ample evidence in the record indicating that Duffy was inatten *351 tive or speeding, or both. For instance, Duffy was the only car, of the several cars on that road at that time, which did not slow down for the U-turning car.
It is axiomatic that the “sudden emergency” doctrine does not apply where the defendant driver by negligently operating his vehicle created that emergency.
Therefore, the judgment should be, and hereby is, affirmed.
CARROLL, J., dissents.