HENDRY, Judge.
This court consolidated two ,set of appeals concerning the right to a set-off under § 768.041, Fla.Stat., F.S.A.[1] and to subrogation under Florida’s uninsured motorist statute, § 627.0851(4), Fla.Stat., F.S. A.[2]
In the first set of appeals, Nos. 70-841, 842, 1034, 1035, plaintiff-appellants, the Nearhoofs, seek review of two orders amending the final judgment. These two orders, dated July 16 and September 24, 1970, allowed a set-off in favor of Government Employees Insurance Company (“GEICO”), the uninsured motorist carrier. The $19,500 set-off was the amount of uninsured motorist benefits GEICO had paid the Nearhoofs. We hold that the trial court erred in allowing the set-off, and therefore we reverse the orders amending the final judgment and remand the cause.
In the second set of appeals, Nos. 70-856 and 70-857, the appellant GEICO, inter-venor below, seeks review of the order and final judgment denying its motion for judgment. GEICO sought contribution from a negligent, insured joint tort-feasor for amounts GEICO paid its insureds, the Nearhoofs, appellees in this second set of appeals, under the uninsured motorist coverage. We hold that the carrier is not entitled to contribution from a negligent, insured joint tortfeasor. Therefore, that order and final judgment dated July 13, 1970, is affirmed.
The underlying facts in these two appeals are not contested. The Nearhoofs sued International Sales-Rentals Leasing Co. (“International”) and others in July, 1968. In March, 1969, the Nearhoofs set-led their uninsured motorist claim against GEICO for $19,500. In May, 1969, GEICO intervened in the tort suit. In December, 1969, the jury verdict returned was for $70,000. After post trial motions, International filed the appeal in International Sales v. Nearhoof, Fla.App.1971, 251 So.2d 349 (3rd Dist.Ct.App. released this date.)
We have examined the several contentions of the parties herein, but deem it necessary only to resolve the issues as to the correctness of the set-off and the availability of the subrogation right. Both these issues will be dealt with in the following discussion.
To begin with, Florida courts have repeatedly ruled that the uninsured motorist statute, § 627.0851, Fla.Stat., F.S.A., was designed to make available the full statutory minimum amount of coverage to those persons injured by uninsured motorists.[3]
*719 The purpose of the uninsured motorist statute, is
“ * * * to make each policy providing uninsured motorist coverage enforceable to the full statutory minimum to exactly the same extent that a policyholder would be legally entitled to recover damages from the third party tortfeasor. * * * )>
Tuggle v. Government Employees Insurance Company, supra.
GEICO argues that §§ 627.0851(4) and 768.041, Fla.Stat., F.S.A., allow an insurance carrier to be subrogated to a recovery by its insured against an insured motorist because the statutes are couched in broad language. GEICO also raises the spectre of a “windfall” or double recovery by the injured party and the simultaneous loss of its statutory, and contractual, right to subrogation. These are serious arguments, and have lead other courts to adopt the conclusions similar to the one GEICO advances.[4]
 We hold that (1) the public policy of Florida, as expressed in the Tuggle, Sellers, and Gavin cases and (2) the collateral source rule require that the set-off herein be disallowed. The First District Court in Phoenix Insurance Company v. Kincaid, Fla.App.1967, 199 So.2d 770, 775 had occasion to comment upon the sub-rogation rights of the insurance carrier; in that case the subrogation rights were considered subject to the right to uninsured motorist protection. See also Kaplan v. Phoenix of Hartford Insurance Company, Fla.App.1968, 215 So.2d 893, cert. den. with opinion Fla.1969, 220 So.2d 365, 366, affirmed after remand Fla.App.1970, 242 So.2d 806; and R. E. Walsh, “Subrogation Under Uninsured Motorist Insurance,” 10 Boston College Industrial and Commercial Law Review 77 (Fall 1968). The rule we announce herein is in keeping with the general principles that legal subrogation is based upon equitable principles. American Motorists Company v. Thompson, 253 Or. 76, 453 P.2d 164 (1969) (en banc). See also McGee v. Hovart, supra, 260 N.Y.S.2d at p. 350. As to the collateral source rule, Georgia holds, and we agree, that uninsured motorist coverage is tantamount to a separate contract such as hospitalization insurance, so that recovery thereunder may not be set-off from a judgment against a tortfeasor. Thompson v. Milam, 115 Ga.App. 396, 154 S.E.2d 721 (1967).
The same authorities and reasoning disposes of GEICO’s reliance upon certain contractual provisions in the insurance policy and trust agreements. See also: Lyon v. Hartford Accident and Indemnity Company, 25 Utah 2d 311, 480 P.2d 739 (1971). The statutory provision and public policy favoring the right to minimum coverage prevails over the contractual limitations in the insurance policy.
 There is no argument that GEICO may proceed against the uninsured motorist. It argues that its subrogation rights may be wiped out by an application of § 768.041, Fla.Stat., F.S.A.; the Nearhoofs argue to the contrary relying on Woodley Lane, Inc. v. Truly Nolen, Fla.App.1962, 147 So.2d 569, and Panzavecchia v. State, Fla.App.1967, 201 So.2d 762. A measure of some of this problem is also reflected by the contentions in Kroeker v. State Farm Mutual Automobile Insurance *720 Company, 466 S.W.2d 105 (Kansas City Ct.App., Mo., filed April 5, 1971). But we need not express an opinion on such issue.
For the reasons stated, and based upon the above cited authorities: (1) GEICO is not entitled to the set-off, and (2) cannot secure contribution from a negligent, insured joint tortfeasor. The order and final judgment appealed in Nos. 70-856 and 70-857 are affirmed; the two orders amending order and final judgment appealed in Nos. 70-841, 842, 1034 and 1035, are reversed and remanded.
It is so ordered.

I.“768.041 Release or covenant not to sue.—
“(1) A release or covenant not to sue as to one tort-feasor for property damage to, personal injury of, or the wrongful death of any person shall not operate to release or discharge the liability of any other tort-feasor who may be liable for the same tort or death.
“(2) At trial if any defendant shows the court that the plaintiff, or any person lawfully on his behalf, has delivered a release or covenant not to sue to any person, firm or corporation in partial satisfaction of the damages sued for, the court shall set off this amount from the amount of any judgment to which the plaintiff would be otherwise entitled at the time of rendering judgment and enter judgment accordingly.
“(3) The fact of such a release or covenant not to sue, or that any defendant has been dismissed by order of the court shall not be made known to the jury.”

. “627.0851(4) Automobile liability insurance ; uninsured vehicle coverage; insolvent insurer protection.—
sj: s-s sfc *
“(4) In the event of payment to any person under the coverage required by this section and subject to the terms and conditions of such coverage, the insurer making such payment shall, to the extent thereof, be entitled to the proceeds of any settlement or judgment resulting from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury for which such payment is made, including the proceeds recoverable from the assets of the insolvent insurer.”

. Tuggle v. Government Employees Insurance Company, Fla.1968, 207 So.2d 674, *719 675, 24 A.L.R.3d 1343; Sellers v. United States F. & 6. Co., Fla.1966, 185 So.2d 689; Standard Accident Insurance Company v. Gavin, Fla.App.1966, 184 So.2d 229, cert. disc, with opinion, Fla.1967, 196 So.2d 440. Accord: Stephens v. Allied Mutual Insurance Company, 182 Neb. 562, 156 N.W.2d 133, 139, 26 A.L.R.3d 873, 881 (1968).

. Mills v. Farmer’s Insurance Exchange, 231 Cal.App.2d 124, 41 Cal.Rptr. 650 (1st Dist.Ct.App., 1964) ; La Bove v. American Employees Insurance Company, 189 So.2d 315, 318 (La.Ct.App., 1966) ; Morateck v. Milwaukee Automobile Mutual Insurance Company, 34 Wis.2d 95, 148 N.W.2d 704 (1967) ; McGee v. Hovart, 23 A.D.2d 271, 260 N.Y.S.2d 345 (1965).