COLLICOTT and another, Respondents, v. ECONOMY FIRE & CASUALTY COMPANY, Appellant.

*No. 384. Submitted under sec. (Rule) 251.54 March 6, 1975.—*
*Decided April 10, 1975.*
(Also reported in 227 N. W. 2d 668.)

116

For the appellant the cause was submitted on the brief of *Wickhem, Consigny, Sedor, Andrews & Hemming, S. C.* of Janesville.

For the respondents the cause was submitted on the brief of *Nowlan, Mouat, Lovejoy, Wood & Cripe,* attorneys, and *Richard E. Rosenberg* of counsel, all of Janesville.

HANLEY, J. Three issues are presented upon this appeal:

1. Is arbitration a condition precedent to suit under the terms of the uninsured motorist coverage of the insurance contract and the statutes of the state of Wisconsin?

2. Was arbitration waived by the appellant insurance company?

3. Must plaintiffs show they qualify for uninsured motorist coverage by establishing absence of other collectible funds that would provide the contractual amount of the uninsured motorist coverage?

*Arbitration as condition precedent.*

Defendant contends that the action cannot be maintained because the insured failed to resort to arbitration before bringing its action. Ch. 298, Stats., is the Wisconsin Arbitration Act. Sec. 298.01 provides:

"**Arbitration clauses in contracts enforceable.** A provision in any written contract to settle by arbitration a controversy thereafter arising out of such contract, or out of the refusal to perform the whole or any part thereof, or an agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, shall be valid, irrevocable and enforceable save upon such grounds as exist at law or in equity for the revocation of any contract . . . ."

In the instant case, the policy provisions for arbitration provide as follows:

"If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount payable hereunder, then each party shall, upon written demand of either, select a competent and disinterested arbitrator. The two arbitrators so named shall select a third arbitrator, or if unable to agree thereon within 30 days, then upon request of the insured or the company such third arbitrator shall be selected by a judge of a court of record in the county and state in which such arbitration is pending. The arbitrators shall then hear and determine the question or questions so in dispute, and the decision in writing of any two arbitrators shall be binding upon the insured and the company . . . ."

Under the uninsured motorist policy and the provisions of sec. 298.01, Stats., either party could invoke the arbitration procedure as a matter of right.

Sec. 298.02, Stats., provides:

"**Stay of action to permit arbitration.** If any suit or proceeding be brought upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration."

In the case of *Schramm v. Dotz* (1964), 23 Wis. 2d 678, 127 N. W. 2d 779, this court, in construing sec. 298.01, Stats., stated:

"By providing for a stay pending arbitration, the statute implicitly denies the validity of a provision that no action may be brought until arbitration has been had and the dismissal which defendant consistently sought at every stage of the action." (p. 682.)

Under *Schramm v. Dotz, supra,* arbitration is not a condition precedent to commencement of an action under an uninsured motorist policy.

*Waiver of arbitration.*

The complaint, in paragraph 13, alleges as follows:

"Plaintiffs have made a demand for payment of their claim by defendant and defendant refused either to pay or to arbitrate according to the terms of the policy. A copy of defendant's letter of refusal is marked Exhibit A, attached hereto and incorporated herewith."

In *Sahloff v. Western Casualty & Surety Co.* (1969), 45 Wis. 2d 60, 171 N. W. 2d 914, it was recognized that:

"In the normal adjustment of this type of claim, it is anticipated a settlement will be reached by negotiation and failing that, by arbitration. If the insurer refuses to arbitrate on demand, it breaches its contract." (p. 67.)

It is, of course, possible to waive one's right to arbitration. *Schramm v. Dotz, supra.* In the instant case, when the defendant rejected the plaintiffs' demand for arbitration for the reasons stated, it thereby waived its right to arbitration.

*Applicability of uninsured motorist coverage where other tort-feasors are involved.*

Defendant contends that the uninsured motorist coverage is not applicable where other insured tort-feasors are involved. *Motorists Mut. Ins. Co. v. Tomanski* (1971), 27 Ohio St. 2d 222, 271 N. E. 2d 924, is directly on point. There the court said:

"Where the occupant of a motor vehicle, covered under an uninsured motorist insurance contract obligating insurer to 'pay all sums which the insured or his legal representative shall be legally entitled to recover from the owner or operator of an insured automobile because of bodily injury,' is injured in an accident with such an uninsured automobile, his right of recovery under the contract is not eliminated by the presence of an insured motor vehicle in the same accident." (p. 226.)

The Ohio court points out that recovery under the uninsured motorist endorsement is on the contract, not in tort. (p. 223). This court has recognized the contractual nature of the coverage. *Sahloff v. Western Casualty & Surety Co., supra,* at pages 64 and 70.

*Morateck v. Milwaukee Automobile Mut. Ins. Co.* (1967), 34 Wis. 2d 95, 101, 148 N. W. 2d 704, would support the trial court's decision here. In discussing Wisconsin case law on arbitration under the uninsured motorist provision, the author of Comment, *Arbitration: Uninsured Motorist Endorsement,* 53 Marq. L. Rev. (1970), 411, 432, said of this case:

"In *Morateck v. Milwaukee Auto Mut. Ins. Co.,* as to the subsidiary issue of whether uninsured motorist cov-

erage exists where only one of the two joint tort-feasors was uninsured, coverage was apparently found. The opinion reports only that the parties 'waived' arbitration under the endorsement and stipulated instead to Circuit Judge LEO HANLEY as arbitrator."

The "Trust Agreement" in the uninsured motorist endorsement would indicate that it is not necessary to first sue all other potentially liable tort-feasors. In particular, that agreement provides:

"In the *event of payment* to any person under this Part:
"(a) the company shall be entitled to the extent of such payment to the proceeds of any settlement or judgment that may result from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury because of which such payment is made;
". . .
"(d) if requested in writing by the company, such person shall take, through any representative designated by the company, such action as may be necessary or appropriate to recover such payment as damages from such other person or organization, such action to be taken in the name of such person; in the event of a recovery, the company shall be reimbursed out of such recovery for expenses, costs and attorneys' fees incurred by it in connection therewith; . . ." (Emphasis supplied.)

These provisions indicate that the general coverage provision is not limited as contended by the defendant.

Under the defendant's contention, the plaintiffs could be compelled to verify a complaint containing allegations of negligence against parties they believed were not negligent in any respect. They also would be exposed to payment of attorney's fees and statutory costs in the event of no liability on the part of the insured party defendants.

We conclude that there is no provision in the statutes or in the insurance policy which requires the plaintiffs

to exhaust any other possible remedies before seeking recovery under the terms of the family protection coverage.

*By the Court.*—Order affirmed.