HENDRY, Chief Judge.
Appellant, Patrick Joseph Connolly, was convicted of second degree murder for the death of one Myrtle Grist, and sentenced to life imprisonment.
In seeking reversal of his conviction and sentence, appellant has raised two points on appeal, to wit: (1) that the trial court erred in denying appellant’s motion to suppress his oral confession, allegedly given as a result of police misrepresentations to the effect that the only purpose the presence of an attorney would serve would be to advise appellant not to speak to the police and (2) that the trial court erred in allowing the state to introduce the opinion, through *37 written report, of one Dr. Sylvester, on the subject of appellant’s sanity, when the doctor was not available as a witness and subject to cross-examination.
After carefully reviewing the voluminous record in this case, it is our opinion that appellant’s conviction and sentence must be affirmed for the following reasons.
As to appellant’s first point, the record is quite clear that it was appellant who voluntarily went to the police to confess his crime. The record is also clear that appellant was both fully and carefully advised of his constitutional rights, including his right to counsel. Notwithstanding the fact that, during questioning, one of the officers told appellant that an attorney “would tell him not to talk,” we are not of the opinion that said comment dissuaded appellant from first seeking the aid and advice of counsel. As such, we find no error in the trial judge’s refusal to suppress appellant’s confession. Compare Thompson v. State, 328 So.2d 1 (Fla.1976), wherein the Florida Supreme Court held that notwithstanding a police officer’s testimony that he advised the defendant that if he had an'attorney present, “he would not be able to talk to us and tell us his side of the story,” and the continued questioning of the defendant by the officers despite the defendant’s announced desire to first seek the aid of counsel, the failure of the trial court to suppress the elicited confession, if error, was harmless, under the circumstances of that ease. The facts sub judice are much stronger than in the Thompson decision, as here, the record is completely devoid of any testimony concerning appellant’s wish to either first speak to an attorney or postpone his questioning until counsel arrived.
Appellant’s second point on appeal claims error on the part of the trial judge in allowing the state to utilize, for impeachment purposes, a written opinion prepared by one of the state’s examining physicians and addressed to the subject of appellant’s sanity. Appellant contends that the absence of the physician from the courtroom, preventing cross-examination as to the methods used by him in reaching his conclusion, rendered the opinion hearsay and thus, inadmissible.
In that the opinion reached by Dr. Sylvester was cumulative .of other competent evi-dénce introduced at trial,[1] it is our opinion that any error committed by the trial judge in allowing the state the use of said opinion for impeachment purposes would be harmless in nature. Section 924.33, Florida Statutes (1975); see Urga v. State, 155 So.2d 719 (Fla.2d DCA 1963); see also Hughes v. Canal Insurance Company, 308 So.2d 552 (Fla.3d DCA 1975) and International Sales-Rentals Leasing Company v. Nearhoof, 251 So.2d 349 (Fla.3d DCA 1971).
Accordingly, no reversible error having been made to appear, appellant’s conviction must be and is hereby affirmed.
Affirmed.