**Nationwide Insurance Company v. DiTomo**

*Edward J. Carney, Jr.,* for plaintiff.
*Jeffrey M. Azpell,* for defendant.

PRESCOTT, *A.J.,* April 1, 1982—The matter presently before this court for determination is a motion for summary judgment filed by each of the respective parties hereto.

The issue raised by the aforesaid motions is: Whether an insurance carrier's cause of action based upon the subrogation provisions of a policy of insurance can be maintained against the recipient

of uninsured motorist coverage proceeds awarded in a common law arbitration.

This opinion is written in disposition of the respective motions for summary judgment and the issue raised by said motions.

The facts of the instant case are as follows: On July 10, 1978, defendant, Douglas DiTomo, (hereinafter DiTomo) was injured as a result of a motor vehicle accident involving an automobile driven by one Sylvester R. Anderson who was insured by GEICO. DiTomo received the sum of $20,000 for Anderson's liability insurance carrier GEICO. This sum represented the full amount of Anderson's insurance coverage with GEICO without extracting a release from DiTomo.

Thereafter, DiTomo made claim against Nationwide Insurance Company (hereinafter plaintiff) to recover under the uninsured motorist coverage of two policies issued by plaintiff to DiTomo's parents. Plaintiff denied DiTomo's claim and the dispute was submitted to common law arbitration. DiTomo was awarded the sum of $30,000 against plaintiff by the Arbitrator, notwithstanding evidence before the Arbitrator that prompt payment had been made to DiTomo in the amount of $20,000 by GEICO. The Arbitrator, set forth in his award the circumstances of the case before him and stated the following:

"The instant case involves a twenty-seven year old motorcyclist whose left foot was essentially crushed in a collision with a vehicle in Philadelphia in July of 1978. As the result of the collision, the claimant lost three toes from the left foot, now wears a cast and probably will wear a brace the rest of his life. He needs additional surgery because some of the bones were misplaced in the various operations that were required. The cast is changed every six weeks, and it is not possible to tell at this time how

long this condition will continue. He has not worked since the day of the accident, at which time he was earning $550.00 per week as a member of the Operating Engineers Union. Because of the nature of the work which requires physical activity, it is presently, and for the foreseeable future, impossible for him to be involved in his former employment.

"A claim was made against the insurance carrier for the operator of the other vehicle, a man by the name of Sylvester Anderson. Anderson was insured by GEICO which paid $20,000.00 to DiTomo without extracting a Release from DiTomo. At the present time, the medical bills are approximately $20,000.00 and he loss of wages $17,600.00. *It is absolutely clear that the recovery from the Anderson policy was inadequate to cover the damages sustained by this present claimant.*" (Emphasis ours).

Plaintiff filed a petition to set aside the Arbitrator's Award which petition was denied by this court on November 30, 1979. (See Nationwide Mutual Ins. Co. v. DiTomo, C.C.P. Del. Co., No. 79-6324, opinion by McGovern, J.) Plaintiff appealed this court order to the Superior Court of Pennsylvania, but thereafter discontinued said appeal. Plaintiff then paid DiTomo the $30,000 awarded by the arbitrator.

On February 5, 1980, plaintiff instituted the instant cause of action against DiTomo seeking to recover from him the $20,000 which he had received from (GEICO) on behalf of its insured, Anderson.

Plaintiff bases its cause of action in part upon a provision contained in the policy of insurance issued to DiTomo's parents as follows:

"TRUST AGREEMENT" — To the extent of any payment we make under this coverage, we are entitled to any payment made to the insured by any le-

gally liable party. The insured will hold in trust for us his rights of recovery against any such part. . . . The insured must take any necessary action in his name to recover for us payments made under this coverage. If there is recovery, the insured must repay us from it for our expenses incurred in the action."

The remainder of plaintiff's cause of action is founded upon the following statutory provision of the Uninsured Motorist Insurance Act, 40 P.S. §2000 (d) — which is incorporated by reference in the subject policy:

"In the event of payment to any person under the coverage required by this section. the insurer making such payment shall, to the extent thereof, be entitled to the proceeds of any settlement or judgment resulting from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury for which such payment is made, including the proceeds recoverable from the assets of an insolvent insurer."

DiTomo filed an answer to the complaint with new matter which pleaded arbitration and award as a defense to plaintiff's cause of action. Plaintiff filed an answer to new matter and the pleadings were closed. Thereafter, each of the parties hereto filed a motion for summary judgment.

In the opinion of this court, plaintiff insurance carrier may not maintain its cause of action against DiTomo.

It has been held in this and other jurisdictions that the right of subrogation cannot be enforced until the whole debt is paid, and until the creditor be wholly satisfied, there ought to and can be no interference with the creditor's rights which might prejudice him in the collection of his claim. Stated in other words, no right of subrogation arises until the

injured party receives full satisfaction and redress for the injuries he has sustained. Aetna Ins. Co. v. Confer, 158 Pa. 598 (1893); DeSantis v. American Mutual Liab. Ins. Co., 53 D.&C. 2d 595 (1971); Wiertel v. Legler, 55 Erie 59 (1972); American Motorists Ins. Co. v. Thompson, 253 Ore. 76, 453 P. 2d 164 (1969); White v. Nationwide Ins. Co., 361 F. 2d 785 (4th Cir., Va., 1966); Washtenaut Mut. Fire Ins. Co. v. Budd, 208 Mich. 483, 175 N.W. 231 (1919); Newcomb v. Cincinnati Ins. Co., 22 Ohio St. 382, 10 Am. Rep. 746 (1872), See also, Harleysville Mot. Cas. Co. v. Blumling, 429 Pa. 389, 241 A. 2d 112 (1968); Shamey v. State Farm Mut. Auto. Ins. Co., 229 Pa. Super. 215, 221, 331 A. 2d 498 (1974); Couch on Insurance 2d Vol. 16, Sec. 61:61; Appleman Insurance Law and Practice, Vol. 6A, Secs. 4094, 4096, pp. 265, 228.

In the case at hand, the arbitrator found certain facts which are binding on this court. See, Runewicz v. Keystone Ins. Co., 476 Pa., 456, 383 A.2d 189 (1978). At the time of arbitration, DiTomo had medical bills totalling $20,000 and lost wages in the amount of $17,600. Said medical bills and lost wages were ongoing with no end yet in view. In light of these damages, DiTomo had recovered only $20,000 prior to arbitration. In order to more fully compensate DiTomo for the injuries he had sustained, the arbitrator awarded him an additional $30,000 under the applicable uninsured motorist coverage available. Only at that point could it be said that DiTomo had received an amount of money which approximated the damages to which he was entitled.

To permit plaintiff in the instant case to recover the payment of $20,000 from DiTomo on a theory of subrogation would be contrary to the legal authorities cited above and would leave DiTomo in a posi-

tion which would fall short of full redress for the injuries he sustained.

Accordingly, this court has entered an order dated the 1st day of April, 1982, granting defendant's motion for summary judgment and dismissing plaintiff's motion for summary judgment.

## ORDER

And now, this April 1, 1982, after consideration of briefs submitted by respective counsel, it is hereby ordered and decreed that:

(1) The motion for summary judgment filed by plaintiff, Nationwide Mutual Insurance Company, be and the same is hereby denied;

(2) The motion for summary judgment filed by defendant, Douglas DiTomo, be and the same is hereby granted;

(3) Judgment is hereby entered in favor of the said defendant and against plaintiff.