491 So.2d 321 (1986)
Curtis FEIMSTER, Appellant,
v.
The STATE of Florida, Appellee.
No. 83-1365.
District Court of Appeal of Florida, Third District.
July 15, 1986.
Bennett H. Brummer, Public Defender, Howard K. Blumberg, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Mark J. Berkowitz, Asst. Atty. Gen., for appellee.
Before NESBITT, BASKIN and FERGUSON, JJ.
PER CURIAM.
Feimster appeals from his convictions of and sentences for two counts of second-degree murder and one count of attempted first-degree murder. We affirm.
The first contention made on appeal is that the trial court erred in allowing the testimony of the arresting officer that in his opinion Feimster's statement that the victims had "put their guns up" meant that they had put their guns away. Feimster acknowledged in his statement to the police, which was admitted into evidence, that the victims had "put their guns away" before he began shooting. Therefore, the opinion evidence of the police officer was merely cumulative. Consequently, even if the opinion evidence was improperly admitted by the trial court, we find that it was harmless error. See Connolly v. State, 350 So.2d 36 (Fla.3d DCA 1977) (doctor's written opinion on defendant's sanity, which was submitted into evidence in error, was merely cumulative of other competent evidence and thus, harmless error), cert. denied, 359 So.2d 1212 (Fla. 1978).
Feimster's second claim is that it was error to give a jury instruction on his *322 flight from the vicinity of the crime. We disagree. The rule is that "a jury can be instructed on flight when the evidence clearly establishes that an accused fled the vicinity of a crime or did anything indicating an intent to avoid detection or capture." Shively v. State, 474 So.2d 352, 353 (Fla. 5th DCA 1985); see also Bradley v. State, 468 So.2d 378 (Fla. 1st DCA 1985). Feimster's flight from the scene and disposal of his weapon in the process, besides tending to rebut his contention that he fled because he feared for his life, was evidence sufficient to support the jury instruction.
We also cannot agree with Feimster's contention that the court's instruction to the jury constituted an improper comment on the evidence adduced at trial. The instruction specifically left to the jury the matter of the weight to be accorded the evidence of flight. See Haywood v. State, 466 So.2d 424 (Fla. 4th DCA 1985), aff'd, 482 So.2d 1377 (Fla. 1986). Accordingly, the judgments of conviction are
Affirmed.