NOTICE

Decision filed 05/21/07. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

NO. 5-06-0273

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| JIM BURGESS, JR., and JAMES MUFFLEY, | ) ) ) | Appeal from the Circuit Court of St. Clair County. |
| Plaintiffs-Appellees, | ) ) | |
| v. | ) ) | No. 05-AR-248 |
| TASHONDA BROOKS, | ) ) ) | |
| Defendant | ) ) | |
| (The People of the State of Illinois, | ) ) | Honorable Patrick M. Young, |
| Intervening Plaintiff-Appellant). | ) | Judge, presiding. |

_____

PRESIDING JUSTICE WELCH delivered the opinion of the court:

On February 27, 2003, the plaintiff, Jim Burgess, Jr., was driving a car while on duty with the Illinois Secretary of State Police when he was "rear-ended" by a car being driven by Tashonda Brooks. Burgess filed a claim for workers' compensation benefits against his employer, the State of Illinois. Burgess and the State entered into a settlement agreement that was approved by the Illinois Industrial Commission on August 23, 2004. The terms of the settlement agreement included the following language: "This is a compromise settlement of a disputed claim," and "Each party waives any right to ever reopen this claim under any section of the [Workers' Compensation] Act." Burgess received $19,138.48 in settlement of his workers' compensation claim.

Thereafter, on February 25, 2005, Burgess filed a complaint in the circuit court of St. Clair County against Brooks, alleging that her negligence had caused the accident and his resulting injuries. On April 20, 2005, the State filed a petition to intervene based upon

1

section 5(b) of the Workers' Compensation Act (the Act) (820 ILCS 305/5(b) (West 2004)), which allows an employer to join in an action by an employee to recover damages from another party in cases where the employee has received workers' compensation benefits. Leave to intervene was granted on July 29, 2005, and the State's complaint in intervention was filed that date. The State sought to protect and preserve its lien and right to reimbursement of amounts paid to Burgess in settlement of the workers' compensation claim from any amounts recovered by Burgess from Brooks.

Burgess's complaint against Brooks was submitted to arbitration. Ultimately, after finding that the parties had participated in the arbitration in good faith, the arbitrators found in favor of Burgess and against Brooks and awarded Burgess damages in the amount of $19,000.

On January 20, 2006, Burgess filed a motion to determine the amount of the State's lien pursuant to section 5(b) of the Act, in which he argues that the State had waived any such lien or right of reimbursement by virtue of the language in the settlement agreement which provided, "Each party waives any right to ever reopen this claim under any section of the Act." The State objected to the motion, arguing that it had not waived its lien by virtue of the above-quoted language in the settlement agreement.

On April 10, 2006, the circuit court of St. Clair County ruled that the language contained in the settlement agreement did constitute a waiver of the State's workers' compensation lien under section 5(b) of the Act. On April 19, 2006, pursuant to Supreme Court Rule 304(a) (210 Ill. 2d R. 304(a)), the circuit court found that there was no just reason for delaying the enforcement or appeal of the order. The State's notice of appeal was filed May 10, 2006.

On appeal, the State argues that the circuit court erred in construing the settlement agreement as containing a waiver of the State's workers' compensation lien because the

2

quoted language refers only to Burgess's claim for benefits and not to the State's independent statutory right to assert a lien, that the right of the State to assert a lien is implied in the settlement contract, and that any waiver of the State's lien must be explicit. The only question before us on appeal is the propriety of the circuit court's construction of the settlement contract entered into between Burgess and the State and whether it effectively waived the State's lien. This is a question of law, which we review *de novo*. *In re Foreman*, 365 Ill. App. 3d 608, 611 (2006).

In construing a settlement agreement, we must start with the plain and ordinary meaning of the language of the contract, unless the language is ambiguous. *In re Estate of Powless*, 315 Ill. App. 3d 859, 863 (2000). In the case at bar, neither party argues that the settlement agreement is ambiguous; they simply disagree on its meaning. It is the duty of this court to construe and enforce the agreement as written. *In re Estate of Powless*, 315 Ill. App. 3d at 863.

The State argues that the quoted language from the settlement agreement refers only to Burgess's right to reopen the claim for benefits and does not refer to the State's independent right to assert its statutory lien. We see no reason to accept the State's argument, and we find it to be contrary to the plain and ordinary meaning of the language of the agreement. We believe that the settlement agreement was meant to dispose of all matters of dispute between the parties and resolve all issues relating to Burgess's claim for benefits, including the State's right to assert a lien. We find no language in the settlement agreement, and particularly in the language specifically at issue, which indicates that the parties intended that the language applied only to Burgess's right to reopen his claim for benefits and not to the State's right to "reopen this claim" by asserting its right to a lien. The settlement agreement provides, "*Each* party waives *any* right to *ever* reopen this claim under *any* section of the Act." (Emphasis added.) We believe that this language refers to both parties and

3

involves a waiver of any and all rights to reopen the matter under any and all sections of the Act, including section 5(b). From this language it seems clear to us that Burgess gave up his right to seek additional workers' compensation benefits and the State gave up its right to assert a lien against any amounts recovered by Burgess from a third party. We note that the record demonstrates that although Burgess had not filed his action against Brooks at the time of the workers' compensation settlement, the State was aware of the circumstances of Burgess's accident and the potential of an action against Brooks. Accordingly, at the time it entered into the settlement agreement, the State was in a position to knowingly and intentionally waive its right to a lien or to seek reimbursement in the event of such an action.

Despite what we find to be the plain language of the settlement agreement, the State argues that the mandatory terms of section 5(b) of the Act are implied terms of the settlement agreement and serve to preserve the State's lien where that lien is not explicitly waived by the terms of the settlement agreement. The State correctly argues that the provisions of section 5(b) of the Act are mandatory and that in the absence of a waiver by the employer, an employee is required to reimburse the employer from any recovery he receives from a third party. See *Ullman v. Wolverine Insurance Co.*, 48 Ill. 2d 1, 7 (1970). The State argues that the mandatory provisions of section 5(b) became implied terms of the settlement agreement by operation of law and that, by entering into the agreement without specifically excluding or modifying the effects of the law, the contracting parties are deemed to have accepted that law as a part of their agreement. See *S&D Service, Inc. v. 915-925 W. Schubert Condominium Ass'n*, 132 Ill. App. 3d 1019, 1023 (1985). Finally, the State argues that because the settlement agreement did not explicitly waive the State's statutory right to assert a lien, the parties acquiesced in the provisions of section 5(b) of the Act becoming implied terms of the agreement. Of course, this only brings us around to the original question of whether the State did explicitly waive its statutory right to a lien by virtue of the

4

language of the settlement agreement.

Relying on the appellate court's recent decision in *Gallagher v. Lenart*, 367 Ill. App. 3d 293, 302-03 (2006), *appeal allowed*, 222 Ill. 2d 570 (2006), the State argues that in order to waive its statutory right to a lien, an employer must do so explicitly and affirmatively and that such a waiver cannot be implied simply by a lack of any reference to the lien in the settlement agreement. Burgess argues that the case at bar is more factually similar to another of the appellate court's recent decisions, *Borrowman v. Prastein*, 356 Ill. App. 3d 546 (2005), and Burgess argues that we should follow that decision instead of *Gallagher*.

In *Borrowman*, 356 Ill. App. 3d at 550-51, the Fourth District of this court held that where an employer knew of the existence of the employee's action against a negligent third party prior to entering into a workers' compensation settlement agreement with the employee, and where the employer did not explicitly reserve its right to a lien against the proceeds of the third-party action in the settlement agreement but agreed that the settlement was "full, final[,] and complete," it had effectively waived its statutory lien by not explicitly reserving it.

In *Gallagher*, 367 Ill. App. 3d at 298, the First District of this court rejected the holding of *Borrowman*, finding it to be "unsupported by case law, contrary to several principles behind the Act, and at odds with general contract law." The *Gallagher* court held that the absence of any reference to an employer's lien in a settlement agreement, without more, cannot constitute a waiver of that lien but that such a waiver must be explicitly and affirmatively stated in the agreement and cannot simply be implied by a lack of any reference to that lien. *Gallagher*, 367 Ill. App. 3d at 302-03.

We need not here determine which of these two holdings is, in our opinion, correct. Even were we to adopt the holding of *Gallagher*, it would not aid the State because, unlike *Gallagher*, the settlement agreement in the case at bar does contain an explicit and

5

affirmative waiver of the State's lien rights. The settlement agreement in *Gallagher* does not contain any language even remotely similar to that contained in the agreement in the case at bar and on which the circuit court relied. In the settlement agreement in *Gallagher*, only the employee explicitly waived any rights–his rights to review under sections 19(h) and 8(a) of the Act (820 ILCS 305/19(h), 8(a) (West 2000)). In *Gallagher*, there is no explicit waiver of any rights by the employer. In the case at bar, however, the settlement agreement provides, "Each party waives any right to ever reopen this claim under any section of the Act." We find this language to be sufficiently explicit and affirmative with respect to the State's waiver of its statutory lien pursuant to section 5(b) of the Act. Accordingly, we affirm the judgment of the circuit court of St. Clair County.


Affirmed.


WEXSTTEN and STEWART, JJ., concur.

NO. 5-06-0273

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| JIM BURGESS, JR., and JAMES MUFFLEY, | ) ) ) | Appeal from the Circuit Court of St. Clair County. |
| Plaintiffs-Appellees, | ) ) | |
| v. | ) ) | No. 05-AR-248 |
| TASHONDA BROOKS, | ) ) | |
| Defendant | ) ) | |
| (The People of the State of Illinois, | ) ) | Honorable Patrick M. Young, |
| Intervening Plaintiff-Appellant). | ) | Judge, presiding. |

**Opinion Filed**: May 21, 2007

**Justices**: Honorable Thomas M. Welch, P.J.

Honorable James M. Wexstten, J., and
Honorable Bruce D. Stewart, J.,
Concur

**Attorneys for Appellant**    Lisa Madigan, Attorney General, State of Illinois, Gary Feinerman, Solicitor General, Jan E. Hughes, Assistant Attorney General, 100 W. Randolph Street, 12th Floor, Chicago, IL 60601

**Attorney for Appellee**    Eric Kirkpatrick, #3 Executive Woods Court, Suite 100, Belleville, IL 62226