NOTICE

Decision filed 11/05/07. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

NO. 5-06-0273

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | |
|---|---|
| JIM BURGESS, JR., and JAMES MUFFLEY, | ) Appeal from the |
| | ) Circuit Court of |
|    Plaintiffs-Appellees, | ) St. Clair County. |
| | ) |
| v. | ) No. 05-AR-248 |
| | ) |
| TASHONDA BROOKS, | ) |
| | ) |
|    Defendant | ) |
| | ) Honorable |
| (The People of the State of Illinois, Intervening | ) Patrick M. Young, |
| Plaintiff-Appellant). | ) Judge, presiding. |

_____

PRESIDING JUSTICE WELCH delivered the opinion of the court:

This case comes before us pursuant to a supervisory order from the Illinois Supreme Court, which has directed us to vacate our previous opinion herein (*Burgess v. Brooks*, 374 Ill. App. 3d 545 (2007)) and reconsider the case in light of the supreme court's decision in *Gallagher v. Lenart*, 226 Ill. 2d 208 (2007). *Burgess v. Brooks*, No. 104879 (September 26, 2007). We do so, and upon reconsideration we determine that a result different from that reached in our previous opinion is warranted.

On February 27, 2003, the plaintiff, Jim Burgess, Jr., was driving a car while on duty with the Illinois Secretary of State Police when he was "rear-ended" by a car being driven by Tashonda Brooks. Burgess filed a claim for workers' compensation benefits against his employer, the State of Illinois. Burgess and the State entered into a settlement agreement that was approved by the Illinois Industrial Commission on August 23, 2004. The terms of the settlement agreement included the following language: "This is a compromise settlement of a disputed claim," and "Each party waives any right to ever reopen this claim under any

1

section of the [Workers' Compensation] Act." Burgess received $19,138.48 in settlement of his workers' compensation claim.

Thereafter, on February 25, 2005, Burgess filed a complaint against Brooks in the circuit court of St. Clair County. The complaint alleged that her negligence had caused the accident and his resulting injuries. On April 20, 2005, the State filed a petition to intervene based upon section 5(b) of the Workers' Compensation Act (the Act) (820 ILCS 305/5(b) (West 2004)), which allows an employer to join in an action by an employee to recover damages from another party in cases where the employee has received workers' compensation benefits. Leave to intervene was granted on July 29, 2005, and the State's complaint in intervention was filed that date. The State sought to protect and preserve its lien and right to reimbursement for amounts paid to Burgess in settlement of the workers' compensation claim from any amounts recovered by Burgess from Brooks.

Burgess's complaint against Brooks was submitted to arbitration. Ultimately, after finding that the parties had participated in the arbitration in good faith, the arbitrators found in favor of Burgess and against Brooks and awarded Burgess damages in the amount of $19,000.

On January 20, 2006, Burgess filed a motion to determine the amount of the State's lien pursuant to section 5(b) of the Act. In the motion he argues that the State had waived any such lien or right of reimbursement by virtue of the language in the settlement agreement which provided, "Each party waives any right to ever reopen this claim under any section of the Act." The State objected to the motion, arguing that it had not waived its lien by virtue of the above-quoted language in the settlement agreement.

On April 10, 2006, the circuit court of St. Clair County ruled that the language contained in the settlement agreement did constitute a waiver of the State's workers' compensation lien under section 5(b) of the Act. On April 19, 2006, pursuant to Supreme

2

Court Rule 304(a) (210 Ill. 2d R. 304(a)), the circuit court found that there was no just reason for delaying the enforcement or appeal of the order. The State's notice of appeal was filed May 10, 2006.

On appeal, the State argues that the circuit court erred in construing the settlement agreement as containing a waiver of the State's workers' compensation lien, because the quoted language refers only to Burgess's claim for benefits and not to the State's independent statutory right to assert a lien. The State argues that its right to assert a lien is implied in the settlement contract and that any waiver of the State's lien must be explicit. The only question before us on appeal is the propriety of the circuit court's construction of the settlement contract entered into by Burgess and the State, specifically, whether the contract effectively waived the State's lien. This is a question of law, which we review *de novo* (*In re Foreman*, 365 Ill. App. 3d 608, 611 (2006)).

In our previous opinion, we discussed the two conflicting appellate court decisions of *Borrowman v. Prastein*, 356 Ill. App. 3d 546 (2005), from the Fourth District, and *Gallagher v. Lenart*, 367 Ill. App. 3d 293 (2006), from the First District, which addressed the sufficiency of language in a settlement contract to waive the employer's workers' compensation lien.

In *Borrowman*, 356 Ill. App. 3d at 550-51, the Fourth District of the appellate court held that where an employer knew of the existence of the employee's action against a negligent third party prior to entering into a workers' compensation settlement agreement with the employee and where the employer did not explicitly reserve its right to a lien against the proceeds of the third-party action in the settlement agreement but agreed that the settlement was " 'full, final[,] and complete,' " it had effectively waived its statutory lien by not explicitly reserving it.

In *Gallagher*, 367 Ill. App. 3d at 298, the First District of the appellate court rejected

3

the holding of *Borrowman*, finding it to be "unsupported by case law, contrary to several principles behind the Act, and at odds with general contract law." The *Gallagher* court held that the absence of any reference to an employer's lien in a settlement agreement, without more, cannot constitute a waiver of that lien but that such a waiver must be explicitly and affirmatively stated in the agreement and cannot simply be implied by a lack of any reference to that lien. *Gallagher*, 367 Ill. App. 3d at 302-03.

In our previous opinion, we found it unnecessary to determine which of these two holdings was, in our opinion, correct. We concluded that even were we to adopt the holding of *Gallagher*, it would not aid the State because, unlike *Gallagher*, the settlement agreement in the case at bar does contain an explicit and affirmative waiver of the State's lien rights. The settlement agreement in *Gallagher* does not contain any language even remotely similar to that contained in the agreement in the case at bar and on which the circuit court relied. In the settlement agreement in *Gallagher*, only the employee explicitly waived any rights–his rights to review under sections 19(h) and 8(a) of the Act (820 ILCS 305/19(h), 8(a) (West 2000)). In *Gallagher*, there is no explicit waiver of any rights by the employer. In the case at bar, however, the settlement agreement provides, "Each party waives any right to ever reopen this claim under any section of the Act." In our previous opinion, we found this language to be sufficiently explicit and affirmative with respect to the State's waiver of its statutory lien pursuant to section 5(b) of the Act. Accordingly, we affirmed the judgment of the circuit court of St. Clair County.

Nevertheless, in its recent decision in *Gallagher v. Lenart*, 226 Ill. 2d 208 (2007), the supreme court has made clear that, in order for an employer to waive its workers' compensation lien in a settlement agreement, general language of release or waiver will not suffice. On the contrary, the court held that the waiver of a workers' compensation lien must be explicitly stated. The contract must explicitly mention the workers' compensation lien and

4

indicate the employer's desire to waive it. The court stated that its ruling "will have the salutary effect of placing both the parties and the courts in workers' compensation cases on notice *that a specific reference to the lien in a waiver provision is required before the lien can be deemed waived*." (Emphasis added.) *Gallagher*, 226 Ill. 2d at 239. The supreme court explicitly overruled the holding in *Borrowman*. *Gallagher*, 226 Ill. 2d at 241.

The waiver provision of the settlement agreement in the case at bar, while appearing to cover "any right" to "this claim under any section" of the Act, fails to specifically mention the employer's right to a lien pursuant to section 5(b) of the Act. Accordingly, the language of the settlement agreement is insufficient to constitute a waiver, and the employer's workers' compensation lien cannot be deemed waived. The judgment of the circuit court of St. Clair County that the subject language did constitute a waiver of the State's workers' compensation lien under section 5(b) of the Act is hereby reversed.

For the foregoing reasons, the judgment of the circuit court of St. Clair County is hereby reversed.


Reversed.


WEXSTTEN and STEWART, JJ., concur.

NO. 5-06-0273

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| JIM BURGESS, JR., and JAMES MUFFLEY, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiffs-Appellees, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 05-AR-248 |
| | ) | |
| TASHONDA BROOKS, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | Honorable |
| (The People of the State of Illinois, Intervening | ) | Patrick M. Young, |
| Plaintiff-Appellant). | ) | Judge, presiding. |

**Opinion Filed**:    November 5, 2007

**Justices**:    Honorable Thomas M. Welch, P.J.

Honorable James M. Wexstten, J., and
Honorable Bruce D. Stewart, J.,
Concur

**Attorney for Appellant**    Lisa Madigan, Attorney General, State of Illinois, Jan E. Hughes, Assistant Attorney General, 100 West Randolph Street, 12th Floor, Chicago, IL 60601

**Attorney for Appellees**    Eric Kirkpatrick, Kirkpatrick Law Offices, P.C., #3 Executive Woods Court, Suite 100, Belleville, IL 62226